GRIFFITH, Respondent, v. SCHWENDERMAN, Appellant.

1. Leases to infants are not absolutely void; they are only voidable.
2. Actual possession of part of a tract of land under claim and color of title to the whole is constructive possession of the whole as against all persons not having title; as against such person in possession of part, the constructive possession of the residue would lie in the true owner.
3. Possession of a parcel that has been occupied for twenty years can not be connected with the possession for a shorter period of another tract so as to bring the latter within the operation of the statute of limitations.

*Appeal from St. Charles Circuit Court.*

This is an action of ejectment to recover possession of lot No. 28, in block No. 8, in St. Charles common. Plaintiff is an infant. She claims title under a lease made to herself on the 23d of October, 1856, by the city of St. Charles. This

lease was made upon the surrender by plaintiff of a lease made by the trustees of the town of St. Charles on the 18th of June, 1831, to one Asa Griffith. The defendant claimed title by virtue of an entry, in the year 1836, in the United States land office at St. Louis, of the east one-half of the south-east quarter of section No. 34, in township 47, range 4. The defendant relied on the statute of limitations. The court ruled substantially that actual possesion of part of the tract entered by defendant's husband in 1836 did not amount to constructive possession of the whole as against plaintiff.

*U. Wright*, for appellant.

I. The court instructed the jury erroneously. (See 4 Bibb, 100 ; 5 Litt. 211 ; 4 Monr. 44 ; 2 Dana, 127 ; 4 Dana, 282 ; 7 Dana, 434 ; 2 B. Monr. 379, 430 ; 11 B. Monr. 98 ; 12 B. Monr. 195 ; 2 Har. & Jo. 87 ; 10 Pet. 412 ; 11 Pet. 41 ; Angell on Lim. 428, 429 ; 2 Marsh. 19 ; 3 id. 545 ; 9 B. Monr. 83.) The paper purporting to be a lease from the trustees, dated June, 1831, ought not to have been received in evidence. Plaintiff's right accrued, if at all, in 1856. (2 Smith's Lea. Cas. 539 ; 4 Bac. Abr. 217.) It was never executed by the corporation. It purports to be executed by the trustees, but is not signed by them, nor by any one legally authorized to sign. (R. C. p. 806 ; 19 Mo. 132 ; 1 Pars. on Contr. 118 ; Angell & Ames on Corp. 293 ; 12 Wheat. 64 ; Comb's case, 9 Co. 76, *b.* ; 11 Mo. 209 ; 4 Bac. Abr. 140 ; 16 Mo. 42 ; 2 Cush. 337 ; Sto. on Agency, 147 ; 1 Amer. Lea. Cas. 577.) The assignment on its back was improperly read. The proof of its execution was defective. The damages should not have been computed further back than the demise laid in the petition.

*Krekel* and *Wells*, for respondent, cited 9 Humph. 714 ; 1 Gratt. 225 ; 12 N. H. 9 ; 2 S. & R. 439 ; 4 id. 465 ; 3 Ired. 587 ; 7 id. 175 ; 20 Mo. 769 ; 5 Dana, 65 ; 1 Hill, 135 ; 2 Har. & Jo. 280 ; 20 Penn. 32.

SCOTT, Judge, delivered the opinion of the court.

The lease made by the city of St. Charles to the plaintiff on the 23d day of October, 1856, was at least binding on the city. It was signed, sealed and delivered, and passed title to the plaintiff. Leases to infants are not absolutely void; they are but voidable, and it is not for third persons to set up the defence of infancy. A deed might be in such terms as would induce a court to pronounce it void as to an infant. But leases to infants are, like all other contracts, void at their election. (Taylor's Landlord & Tenant, 58.)

The damages recovered having been remitted, it will not be necessary to consider the question arising on the lease made to the ancestor of the plaintiff on the 18th June, 1831, as the lease subsequently made to the plaintiff in 1836 enabled her to maintain this action, the prior deed being only of avail in estimating the damages.

The plaintiff claims under a lease made by the city of St. Charles of a lot of her commons which were confirmed to her by the act of Congress of the 13th June, 1812. The defendant claims under an entry with the register and receiver of the United States long subsequent. It is not controverted but that the plaintiff had the better legal title. The defendant relies on the statute of limitations, and contends that, having been in the actual possession [of part] with a color of title to the whole, she is deemed possessed of the whole, and, twenty years having elapsed since her entry and her possession being adverse, the plaintiff can not maintain this action against her. The rule of law with which the defendant seeks to protect herself is only applicable to those disturbing her who have no title. Her title failing as regards the plaintiff, she can have no constructive possession as against her. It may be conceded that the plaintiff has no other possession than that legal constructive possession which in law always follows and accompanies the legal title; that she has had no actual possession. Yet the defendant having

no title as against the plaintiff, her constructive possession, available against an intruder, can not prevail against the legal constructive possession of the plaintiff. Under such circumstances the defendant can affect the plaintiff's possession only so far as there has been an actual adverse occupancy by her for twenty years—an adverse exclusive possession.

She can not connect a parcel that has been occupied for twenty years with a parcel that has been occupied for less time and protect them both by the statute. The authorities for this are abundant. (Burns v. Swift, 2 Serg. & R. 436; Angell on Limitations, 432; Bailey v. Carleton, 12 N. H. 13; Stewart v. Harris, 9 Humph. 714; Smith v. Ingram, 7 Ired. 175.)

The judgment will be reversed and a judgment entered here remitting the damages. Judgment giving the value of the monthly rents will be given from this time; plaintiff to pay costs of this court.

The other judges concur.