THE STATE OF MISSOURI ex rel. HENRY LONG, Relator, v. J. V. C. KARNES, Special Judge, etc., Respondent.

### Kansas City Court of Appeals, January 2, 1899.

Appeals: WIFE'S ACTION FOR MAINTENANCE: MARRIED WOMAN'S ACT: PRACTICE. Every person aggrieved by final judgment is entitled to an appeal on complying with the terms of the practice act, and an allowance to the wife for her separate maintenance is a final judgment warranting an appeal, and the married woman's act imposes no special restrictions for an appeal in such case.

*Original Proceeding by Mandamus.*

PEREMPTORY WRIT ORDERED.

HAMNER, HARDIN & HAMNER for relator.

(1) Section 2246, Revised Statutes 1889, says: "Every person aggrieved by any final judgment or decision of any circuit court in any civil cause, from which an appeal is not prohibited by constitution, may make his appeal to the court having appellate jurisdiction of such judgment or decision." There is no prohibition of appeals in our constitution from judgments in suits for separate maintenance, and hence there can be no question that relator is entitled to an appeal under this section. State ex rel. v. Seddon, 93 Mo. 520.

WALLACE & WALLACE for respondent.

(1) Mandamus is not the proper remedy for compelling a circuit judge to grant an appeal. There is another remedy provided by statute, and this remedy should be applied. R. S. 1889, sec. 2250; Byrne v. Harbison, 1 Mo. 225; Williams v. Judge Common Pleas Court, 27 Mo. 225; Hoyt Ex parte, 13 Pet. 279; Nelson Ex parte, 1 Cow. 417; People v. Judge of Duchess, 1 Wend. 658; Gordon Ex parte, 2 Hill, 363; James v. Comm'rs of Buxco, 13 Pa. 72; High on Extr. Rem., sec. 16. (2) In the case of State ex rel. v. Seddon, 93 Mo. 520, the question as to whether or not mandamus is the proper remedy to bring a case to the appellate court where the judge refused such appeal, is totally overlooked and is in no way decided. (3) The petition in this case is fatally defective and gives the court no jurisdiction to grant the relief sought. A party applying for a mandamus must show not only that he has no other specific remedy but

that he has a specific right. The petition in this case contains no allegation that petitioner has no other specific remedy. State ex rel. v. Fletcher, 39 Mo. 388; School Board v. People, 20 Ill. 525. (4) The appeal in this case was not denied. It was granted conditionally. Sedden v. Templeton, 7 La. Ann. 126; Ex parte King, 27 Ala. 387. (5) The order of Judge Karnes was made in pursuance of the evident intent and spirit of section 6856, and it ought not to be disturbed.

SMITH, P. J.—This is a proceeding by mandamus. The facts of the case as gleaned from the allegations of the alternative writ are these:

That in a certain cause then pending in the circuit court of Jackson county, Missouri, at Independence, for separate maintenance, wherein Louey Long was plaintiff and Henry Long was defendant, and in which J. V. C. Karnes, Esq., was duly elected, qualified and acting special judge, to try, hear and determine the matters then in controversy, PLEADINGS. and did try said cause and render judgment therein for plaintiff on July 25, 1898, for $200 and $75 per month payable on the first of each month thereafter and that within four days thereafter and during the same term defendant filed in said court his motion for a new trial which motion was continued to the September term, 1898, of said court, and that during said September term, 1898, said motion was taken up, heard and overruled and that during said term said defendant filed his affidavit in due form of law for an appeal, and plaintiff filed a motion for suit money for defending said appeal in the Kansas City court of appeals, and that plaintiff was allowed $175 for suit money to defend said suit in said Kansas City court of appeals and that said J. V. C. Karnes, special judge, as aforesaid, refused to allow said defendant an appeal from said judgment of $200, and the sums of $75 per month there-

after except upon said defendant's paying to said plaintiff said $175 suit money for her attorneys in defending said appeal.

The respondent by his return to the said writ confessed the allegations of fact therein set forth, with which was coupled a full statement of the reasons which influenced the action of the court in refusing the appeal prayed for by the relator herein. The relator filed a motion for a peremptory writ based on the ground that the respondent's return showed no legal excuse for his refusal to grant the appeal.

The question which we are called upon to determine is whether on the facts admitted by the pleadings the relator was entitled to have his appeal allowed, for, if he was, the peremptory writ must issue; and if he was not it must be denied.

APPEALS: wife's action for maintenance: married woman's act: practice.

Turning to the statute and it will be seen that it is there provided in section 2246, that "every person aggrieved by any final judgment or decision of any circuit court in any civil cause may make his appeal to the court having appellate jurisdiction of such judgment or decision."

Section 2248 prescribed the conditions upon which an appeal shall be granted; and there is no pretense in this case but that these conditions were fully complied with. Under these provisions of the general practice act, the relator was clearly entitled to an allowance of the appeal unless there is some provision of the "Married Woman's Act"—chapter 109, Revised Statutes—in some way excepting appeals in actions brought under it, out of the operation of said general provisions.

By recurring to that act it will be seen that in actions brought under section 6856 of that act there is no special provision there to be found prescribing the conditions on which an appeal shall be allowed, as there is where an appeal is taken in actions brought under section 6865 of the

act. It thus appears that the court was not authorized to impose conditions upon which the appeal would be allowable other than those prescribed by the provisions of the general practice act, and in doing so it exceeded its jurisdiction. It was exacting more than the statute exacts. The manifest duty of the court was to allow the appeal when the relator had complied with the conditions prescribed by the statute.

The order of the court requiring the relator to pay his wife $75 per month, payable on the first day of each month, was a final and definite order disposing of the merits made in an independent proceeding in the court from which the relator was entitled to make his appeal. The ruling made by the supreme court in State ex rel. Gercke v. Seddon, 93 Mo. 520, must, we think, be regarded as decisive of the present question.

The court having denied the relator an appeal when it appears he was entitled thereto it results that the peremptory writ must issue, which is so ordered. All concur.