Neva **NOLL**, Respondent,

v.

**A. J. NOLL**, Appellant.

No. 22240.

Kansas City Court of Appeals.

Missouri.

Jan. 9, 1956.

Errol Joyce, Brookfield, Austin Walden, Moberly, and Hess & Collins, Macon, for appellant.

Robert N. Jones, St. Louis, for respondent.

CAVE, Judge.

This is an appeal by A. J. Noll, the husband, from an order allowing Neva Noll, the wife, temporary alimony pending an appeal in a divorce case.

The issues on appeal are submitted on an "Agreed Statement of Case", pursuant to Section 512.120 RSMo 1949, V.A.M.S. For brevity, we shall refer to the parties as the "husband" (appellant), and the "wife" (respondent). Also, all italics in this opinion are supplied.

In May, 1952, the wife filed petition for divorce and in due time the husband filed answer and cross bill. The case was tried in April, 1954, resulting in a judgment dismissing the wife's petition and granting the husband a divorce on his cross bill. The wife appealed and this court affirmed the judgment. Noll v. Noll, Mo.App., 277 S.W. 2d 853. It is stipulated that immediately after the wife filed notice of appeal in the above reported case, one of her attorneys "orally moved the court for temporary alimony pending the appeal". *By agreement,* the motion was immediately heard. During the hearing one of the attorneys for the husband asked one of the wife's attorneys whether the wife "was asking for any alimony other than the cost of the transcript and the brief". The wife's attorney replied that "he admitted that she was not entitled to any alimony other than the cost of the transcript and the brief, and that respondent (the wife) was not asking for anything more". At the close of the hearing, the court entered an order requiring the husband to pay the expense of the transcript and the briefs. This order was entered May 1, 1954, and no appeal taken therefrom. (It should be pointed out that the wife's present attorney is not the same as on May 1, 1954.)

On July 9, 1954, the wife filed a written motion, through her new attorney, requesting the court to order the husband to pay her "such amount as the court may determine to be reasonable for her *support* pending the appeal herein; * * *". The motion alleged that she was without means or property of her own with which to support herself during the pendency of the appeal, and that her husband was possessed of a large amount of property. This motion was heard September 3, 1954, and the court ordered the husband to pay the wife $125 per month "as temporary alimony from July 9, 1954 * * *". The husband perfected his appeal from this judgment, and that is the matter now before us.

The Statement of the Case also sets out certain allowances made to the wife for temporary alimony, attorney fees and suit money *prior* to the trial of the divorce case. Those allowances were satisfied and are not directly material in this appeal.

The husband contends that the judgment of May 1, 1954, ordering him "to pay the expense of the transcript and all briefs", was a final determination and judgment of the wife's right to allowances pending the appeal and is res judicata of all issues which were tried, or in the exercise of reasonable diligence, might have been tried at that hearing, consequently the court erred in making the allowance of temporary alimony for support on September 3d.

The wife contends that the order or judgment of May 1 was an *interlocutory* order and that the doctrine of res judicata does not apply to such an order. Citing Woods v. Woods, 236 Mo.App. 855, 159 S.W.2d 320, 323; State ex rel. Van Hafften v. Ellison, 285 Mo. 301, 311, 226 S.W. 559, 12 A.L.R. 1157; and Gay v. Gay, 146 Cal. 237, 79 P. 885, 887.

■ The general rule is that a judgment sought to be used as a basis for the application of the doctrine of res judicata must be a *final* and not an *interlocutory*

judgment. Vol. 31 Am.Jur., Judgments, Sec. 436, page 95.

In 60 C.J.S., Motions and Orders, § 65(g), page 81, it is said: "It has been held that the doctrine of res judicata, in its strict sense, does not apply to the decision of a motion, or to mere orders, or, more particularly, to decisions on interlocutory motions or motions in the course of practice, or in a pending action; and an order made on a motion is not res judicata in the same sense as a judgment. The doctrine of res judicata has been said not to be regarded as applying to ex parte orders. Nevertheless, there is a disposition to enlarge the scope of the doctrine, and to *regard the decision of a motion as res judicata* where the proceedings permit of a *full hearing on the merits,* and where the same or a similar order or relief is again being sought on the same state of facts in the same action, suit, or *proceeding, especially where the order may be reviewed on appeal. So, final orders, or orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matter adjudged and, under the doctrine of res judicata, binding on the parties in all subsequent proceedings,* unless reversed or modified by an appellate court; * * *."

Thus, the first question for decision is whether the order or judgment of May 1 was a *final* or an *interlocutory* order or judgment. In arriving at a solution of this question, it is necessary to determine the nature and purpose of a motion for alimony pendente lite.

The authority of a court to award alimony, whether permanent or pendente lite, is found in Section 452.070 RSMo 1949, V.A.M.S., the pertinent part of which reads: "When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, * * * as, from the circumstances of the parties and the nature of the case, shall be reasonable, * * *. The court, on the application of either party, may make such alteration, from time to time, as to the al-

lowance of alimony and maintenance, as may be proper, *and the court may decree alimony pending the suit for divorce in all cases where the same would be just,* whether the wife be plaintiff or defendant, *and enforce such order in the manner provided by law in other cases."*

The cases are legion that, under this statute, the wife may be allowed temporary alimony pending a trial of the case on the merits, or pending appeal. It is also held that within the broad category of *alimony pendente lite* falls allowances for suit money, support and attorney's fees, and that such allowances are made to the wife and not to her attorney or to someone she may become indebted to in connection with the trial or appeal, because such persons are not parties to the action. Knebel v. Knebel, Mo.App., 189 S.W.2d 464; Bovard v. Bovard, 233 Mo.App. 1019, 128 S.W.2d 274.

It must be kept in mind that prior to the adoption of our Married Women's Act, Section 451.250 et seq., RSMo 1949, V.A.M.S., the right of the wife to alimony pendente lite was absolute, and it was allowed as a matter of course. Since that time, the right of the wife to such allowances depends upon her financial necessities, and the financial ability of the husband. Robertson v. Robertson, 137 Mo. App. 93, 119 S.W. 533; Rutledge v. Rutledge, 177 Mo.App. 469, 119 S.W. 489; and Gregg v. Gregg, 272 S.W.2d 855. It is uniformly held that if a wife has sufficient funds to support herself and to properly prosecute her case or her defense, then she is not entitled to alimony pendente lite. Hopkins v. Hopkins, Mo.App., 260 S.W.2d 833, 835; Summers v. Summers, Mo.App., 222 S.W.2d 514; Whitwell v. Whitwell, 318 Mo. 476, 300 S.W. 455. Consequently, when the wife files a motion for alimony pendente lite, there must be a hearing and a determination of her financial needs and the financial ability of her husband to provide such necessities.

It is well established, in this state, that in an action for divorce the

**62**

circuit court has jurisdiction, "after a final decree has been entered and an appeal allowed, to hear and determine the wife's application for alimony and suit money pending the appeal. The taking of an appeal in the principal action does not divest the circuit court of its jurisdiction to adjudicate the matter of alimony and suit money pending the appeal. The question of alimony and suit money pending the appeal is referable to the principal question, *but it is a separate and distinct matter*, not arising until after entry of final judgment and *calling for an order from which a separate and distinct appeal will lie.* * * * An application for alimony and suit money pending an appeal *requires a separate hearing* and in all likelihood evidence different from and in addition to that adduced upon the principal trial. * * * The orders, decrees and judgments upon the motions in fact *adjudicate new and different matters and rights irrespective of the matters and rights adjudicated in the principal proceeding.*" Simms v. Simms, Mo.Sup., 253 S.W.2d 814, 815, 816. See also, Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323.

In State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S.W. 342, the trial court had allowed the wife alimony pending the appeal of the divorce case on the merits, but denied the husband the right of appeal from that judgment of allowance. He filed mandamus to compel the court to allow the appeal. In discussing the nature and effect of such an order, the court said 93 Mo. 523, 6 S.W. 343: "The power of the court to order and enforce an allowance for alimony pendente lite, though an adjunct of the action of divorce, is an independent proceeding, standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. It grows, *ex necessitate rei*, out of the relations between the parties to the controversy, and has nothing to do with the merits of that controversy. *The order making such allowance in this case was a final and definite order, disposing of the merits of that proceeding* in the circuit court, and the

relator [husband] was entitled to make his appeal."

In Libbe v. Libbe, 166 Mo.App. 240, 148 S.W. 460, this court discussed the nature and extent of an order allowing alimony pendente lite and after referring to the opinion in the Gercke case, said, 166 Mo. App. 244, 148 S.W. 462: "Such being the nature of the subject of alimony pendente lite, an order of allowance or disallowance of such alimony made on a proper hearing of the motion therefor is an adjudication of the issues raised by the motion, and, on the failure of the defeated party to perfect an appeal from the judgment sustaining or overruling the motion, the adjudication becomes *final*. Defendant in failing to appeal from the judgment overruling her motion for alimony and suit money pending the appeal cannot be heard to challenge that adjudication in a collateral attack."

In Woods v. Woods, 159 S.W.2d 320, 322, the wife made application for support and maintenance pending the appeal, together with an allowance of funds to finance the appeal. The court made an allowance to finance the appeal, "but made no allowance for alimony pending the appeal." There was no appeal from that order and this court held (322), "The adjudication upon the issues raised by the application became final."

We think there is no diversity of opinion on the question that a motion by the wife for allowances pendente lite, whether before the divorce case is tried on the merits or pending appeal, is in the nature of an independent cause of action, and that an order making such allowances is a final judgment on the merits of the motion from which an appeal may be taken, and if no appeal is taken, upon which execution may be issued. For other cases discussing this proposition, see Meredith v. Meredith, Mo. App., 151 S.W.2d 536; State ex rel. Childers v. Kirby, Mo.App., 256 S.W. 546; Steele v. Steele, 85 Mo.App. 224; State ex rel. Long v. Karnes, 78 Mo.App. 51.

It is equally well settled that a judgment for alimony pendente lite may

be modified, before an appeal is taken therefrom, upon a proper motion filed for that purpose. But such a motion must allege and the evidence must show a change in the facts and circumstances of the parties between the time the judgment was entered and the time the motion for modification was filed. Shepard v. Shepard, Mo.App., 194 S.W.2d 319; Shapiro v. Shapiro, Mo. App., 238 S.W.2d 886, 889; Schulte v. Schulte, Mo., 140 S.W.2d 51, 54; Hayes v. Hayes, supra. It has been held that the true basis for such rule (requiring a showing of new facts or changed conditions), rests upon the doctrine of res judicata. Shepard v. Shepard, supra; Foster v. Foster, Mo.App., 146 S.W.2d 849; Sanders v. Sanders, 223 Mo.App. 834, 14 S.W.2d 458; Salkey v. Salkey, Mo.App., 80 S.W.2d 735; In re Wakefield, Mo., 283 S.W.2d 467, 471.

However, the wife contends that the allowance of suit money, attorney fees and alimony pending an appeal are allowances for different persons, and are separate and distinct matters or items, and may be allowed or disallowed independently of one another; and the allowance or disallowance of one would not be res judicata of the others; consequently, it was not necessary for her motion to allege, and the evidence to show, a change of circumstances since the allowance of May 1. It is true that a court may allow one or more of the above items and deny others according to the needs of the wife and the facts and circumstances shown at a hearing on the motion. But this does not mean that a wife may file separate motions at different times for each separate item. As we have said, the allowance of alimony pendente lite is made to the wife and not to third parties. The items of expense, support and attorney fees, all relate to her needs for the proper prosecution of her suit or her defense of the husband's suit, and when she asks for allowance of alimony pendente lite, she should include in her motion all the elements of her needs as they exist at that time. Waters v. Waters, 49 Mo. 385.

She concedes that the motion filed on July 9, and upon which the judgment appealed from was later entered, was not based upon changed conditions and circumstances since the judgment of May 1, and that the matter was not tried on that theory.

The parties also concede that the general rule is that a judgment in a cause of action is conclusive in a subsequent action between the same parties, not only as to all issues tried, but also as to all issues which might have been litigated. Price v. Price, Mo. App., 281 S.W.2d 307; Ackley v. Ackley, Mo.App., 257 S.W.2d 404; 50 C.J.S., Judgments, § 716, page 186. There are certain exceptions to, and limitations of, this general rule under various facts and circumstances, but because this case is submitted on "An Agreed Statement of the Case", we are assuming that all the necessary issues of res judicata were properly raised and submitted at the time the court rendered its judgment on September 9th. No contention to the contrary is made in the briefs.

In support of the wife's contention that the order of May 1 was an *interlocutory* order and that the doctrine of res judicata does not apply to such an order, she relies principally on Woods v. Woods, supra; State ex rel. Van Hafften v. Ellison, supra; and Gay v. Gay, supra.

In the Van Hafften case, an injunction suit had been filed to prevent the construction of a certain street because of the alleged invalidity of a city ordinance. Pending the final determination of that suit on the merits, the court issued a temporary injunction and continued it in force pending appeal after a decision of the case on the merits. After the case on the merits was finally disposed of, the contractor completed the work and tax bills were issued and he had brought suit on one of the tax bills and the debtor therein defended on the ground that the contractor had not completed the street within the time specified in his contract and therefore the tax bill was void. The contractor in reply alleged that his delay in the completion of the work was due to the temporary injunction issued

in the original suit and continued during the pendency of that appeal. Among other things, the court held that the tax bill debtor was making a collateral attack upon the interlocutory order extending the temporary injunction and that such could not be done. However, the court stated that the doctrine of res judicata is not applicable to *interlocutory* orders, and pointed out that one of the lines of distinction between the two doctrines is "that a judgment must be *final and on the merits* to constitute a bar to the further consideration of the issues in the case on the ground that they are res judicata, 'while each and every step taken or order made in the proceeding, whether it concerns the merits or not, is just as impervious to collateral attack as the final judgment on the merits'; * * *." [285 Mo. 301, 226 S.W. 562.] We think that language is applicable to the question in the present case, because the judgment on the wife's first motion for alimony pendente lite was a *final judgment* on the merits from which no appeal was taken.

In the Woods case, the trial court had allowed the wife $100 per month for support, together with other sums for attorney fees and suit money pending a trial of the divorce case. The trial resulted in a decree for the husband, and the wife perfected her appeal and the judgment on the merits was affirmed by this court. The husband had made all payments up to the time of the judgment on the merits in the circuit court. After the mandate of this court had been filed in the circuit court, the wife had issued an execution to collect the $100 a month support money originally allowed, for the 16 months' period while the case was pending on appeal, and the husband filed motion to quash the execution on the theory that the allowance of $100 support expired when the case was decided on the merits, and that there was no further allowance of alimony made pending appeal. In discussing whether the allowance for support made prior to the trial of the divorce case terminated at the time the judgment on the merits was entered, or would carry over for the period pending appeal, it is said, 159

S.W.2d 323: "An allowance of alimony 'pending the suit for divorce' as provided [by statute] is in its very nature temporary in character and is properly classified as *interlocutory* and terminable when the case is heard upon its merits". We used the word "interlocutory" too loosely, because the opinion had already held that the judgment for alimony was "final".

In the Gay case [146 Cal. 237, 79 P. 887], the wife filed motion for alimony pending appeal before she had perfected her appeal and the trial court denied that motion "without prejudice to a renewal of the motion 'in case a motion for a new trial is made and denied by this court.' The court did not thereby preclude itself from entertaining a motion, subsequently made, * * * if it thought proper to do so. A renewal of the motion, supported by no additional evidence, might have afforded sufficient reason for the refusal of the court to again entertain it. *But where a motion is renewed, based upon new evidence, it is within the discretion of the court to entertain it.*" We do not consider that opinion in conflict with the views we have expressed in the instant case.

It is our conclusion that the order of May 1 was a final order and determination of the wife's right to, and need of, allowances pending the appeal of the divorce case on the merits, and that said order is res judicata of all items of alimony pendente lite which she did submit, or could have, by due diligence, submitted to the court at that time. This for the reason that a motion for alimony pendente lite is, in its very nature, "an independent cause of action" and "requires a separate hearing and evidence different from, and in addition to, that adduced upon the trial of the divorce case"; it affects "substantial rights" of the parties; and an "appeal will lie from such an order". The fact that the wife may, by statute, file a subsequent motion to modify an original order of alimony pendente lite, based upon new facts and a change of circumstances and conditions, does not change the finality of the

original order or affect the rights acquired thereunder, because the subsequent motion to modify is also an independent cause of action based upon new facts and circumstances and must state a cause of action on that theory. Hayes v. Hayes, supra; Wilton v. Wilton, Mo.App., 235 S.W.2d 418; Olson v. Olson, Mo.App., 184 S.W.2d 768.

It follows that the judgment should be reversed. It is so ordered.

All concur.