Frances R. NILGES, Respondent,

v.

James W. NILGES, Appellant.

No. 41890.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1980.

Application to Transfer Denied
Feb. 9, 1981.

William J. Fletcher, Clayton, for appellant.

Ellsworth Cundiff, Jr., St. Charles, for respondent.

WEIER, Judge.

This is the second time this case comes before this court. On the first occasion, *Nilges v. Nilges*, 564 S.W.2d 262 (Mo.App. 1978), it was determined that the trial court had failed to enter a final appealable judgment because the court had failed to evaluate and allocate a certain potentially valuable asset, namely the husband's rights as beneficiary of a retirement program. Following remand the parties stipulated to the facts of the retirement plans and the trial court entered a decree of dissolution on

June 15, 1979. The property division was identical in terms to the decree of April 28, 1975, with the exception of an award of the appellant's pension program made to him in the last decree.

▮ Appellant James W. Nilges assigns eight points of trial court error. Our review of this court–tried case is defined by Rule 73.01 which directs us to review the case upon both the law and the evidence, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); *In re the Marriage of Hayden*, 588 S.W.2d 165 (Mo.App.1979). Aside from a modification, which we consider to be of a minor nature, we affirm and make permanent the decree of June 15, 1979.

▮ Appellant first charges that the trial court erred in dividing the marital property because it failed to take into consideration the value of the property set apart to each spouse. In setting out the factors that were considered in the division of property, the court in ·its decree did not expressly state that value was considered. The decree did list three other factors required by § 452.330.1, RSMo 1978. Appellant thus concludes that value was not considered. We cannot agree with this conclusion.

Estimates of the values of different items of property both real and personal were given by both appellant and respondent. Two residences on subdivided lots together with their contents were owned by the parties. One was occupied by the wife and one by the husband. In addition, they owned a farm on which was situated various items of personal property including three mobile homes. The court had specific values to consider in dividing the property. The wife was awarded the residence in which she lived which was higher in value than the one in which the husband resided. The husband received the house where he lived. A division of the household goods was made according to the location, those in the house where the wife lived generally going to her, those in the house where the husband lived going to him. The vehicles were divided.

The court ordered that the farm and the items of property located thereon were to be sold and divided between the parties after certain debts were to be paid. Although not expressly stated, we believe that it is implicit in the division that these values were taken into consideration.

▮ The second point raised by appellant–husband charges that the division of the property constituted an abuse of discretion. He submits that he received forty–four percent of the property while his former spouse received fifty–six percent. These percentages were arrived at by averaging values where the parties gave different figures and using one party's figure where only one estimate was given. It does not take into consideration the value of accrued and vested benefits in the United States Army Reserve Pension and Retirement Plan nor accrued and a vested interest in a union retirement and pension plan on which the husband may be entitled to draw as a result of his membership in the union. These were awarded to the husband.

▮ It is clear that the division of marital property must be just but need not be equal. *Madden v. Madden*, 585 S.W.2d 220, 221 [2] (Mo.App.1979). Neither will an appellate court second guess the trial court's balance of the equities. The trial court is vested with considerable discretion in dividing the marital property. *In re the Marriage of Strelow*, 581 S.W.2d 426, 429 [3] (Mo.App.1979). Our review of the facts in the case before us reveals no abuse of discretion in the division of property.

▮ Appellant's third contention of error is directed toward the determination that the Nilges farm was marital property. Title to the farm was taken in both names when it was purchased in 1969 from appellant's father for $16,500. Appellant had used $2500 of the amount received from the sale of another tract of land titled in his name to make a down payment on the farm with the balance secured by a note and deed of trust executed by Mr. and Mrs. Nilges. All property acquired by either spouse subsequent to the marriage is presumed to be

marital property. Section 452.330.3, RSMo 1978. This presumption may be overcome by a showing in the evidence that the property was acquired by a method listed in subsection 2 of this statute. Among the methods which might be considered pertinent in this case are property acquired in exchange for property acquired prior to the marriage. The tract sold was in appellant's name and had been acquired prior to the time of the marriage. However, it must also be shown by clear and convincing evidence that such a transaction was not intended as a provision for a settlement upon or as a gift to the other spouse. Here there was no evidence of a clear and convincing nature that was either offered or received to overcome the presumption. We therefore determine that this point has no merit.

██ The fourth point relied on by appellant concerns the determination in the court decree that three horses located on the farm near Linn, Missouri, and a motorcycle were the property of the parties' son James William Nilges, Jr. We agree with appellant that a judgment or decree may only affect property belonging to parties to an action. *In re the Marriage of V. M. v. L. M.*, 526 S.W.2d 947, 952 (Mo.App.1975). When one analyzes the wording of the decree, however, it is obvious in our opinion that the court did not intend to award title to the horses or the motorcycle in the son. It merely confirmed the facts shown in evidence that these chattels had been gifts to the boy. A minor may acquire property and he cannot be deprived of this property except as provided by law. *Griffith v. Schwenderman*, 27 Mo. 412 (1858); 43 C.J.S. p. 389, Infants § 120. In the evidence adduced by appellant during the trial of the case, he testified that the horses were property of his son. The wife's testimony, the only evidence on the matter, indicated that although the appellant had title to the motorcycle, that it was a gift to the son.

██ The fifth point raised by appellant challenges the validity of the decree by reason of its failure to dispose of all the marital property, that is, the motorcycle, the three horses and appellant's military

service life insurance policy. We have previously confirmed the court's finding concerning the motorcycle and the horses. The service life policy was in the face value of $20,000 and had no cash surrender value. The decree of dissolution made no disposition of this policy. The situation is analogous to the facts of *In re Marriage of Robinson*, 570 S.W.2d 320 (Mo.App.1978). There the trial court had failed to award a national service life insurance policy which had been issued to the husband. On appeal it was decided that since the policy had no cash value, but was a true term contract of insurance with no loan or cash value or in fact any value except in the event of the death of the insured, that it should properly be awarded to the person in whose name the policy had been issued, that is the husband. On the facts of the present case, this court as in *Robinson* modifies the decree of June 15, 1979, and awards the service life insurance policy to appellant as his property. This disposes of any contention that the decree lacks finality because it fails to dispose of all the marital property.

██ We now turn to the contention that the trial court abused its discretion by failing to modify temporary allowances. The parties had stipulated to a payment of $160 per month child support and $75 per week temporary maintenance for the wife on February 22, 1974. Subsequently Mr. Nilges moved to modify the award based on this stipulation because he had sustained injury to a knee which prevented him from working from March through August of 1974. The original hearing on the divorce case occurred on the days of January 14 and 15, 1975. At that time evidence was introduced with regard to the motion to modify the temporary allowances. The motion was denied on April 15, 1975. The notice of appeal thereafter filed contained some reference to the court's action in denying this motion. But this was not filed until June 9, 1975. We have searched the record and can find nothing that would have preserved the right of appeal beyond the ten days authorized by law following the entry of the order of the court on April 15, 1975.

Orders on motions to allow and enforce alimony pendente lite under § 452.-315, RSMo 1978, are judgments in an independent proceeding. They stand upon their own merits and are in no way dependent upon the merits of the issues in the divorce suit. The order making an allowance upon such a motion is a final judgment disposing of the merits of that proceeding from which an appeal may be taken. *State ex rel. Gercke v. Seddon*, 93 Mo. 520, 6 S.W. 342, 343 (1887). Likewise a subsequent motion to modify an original order of alimony pendente lite is also an independent cause of action and may result in a final judgment from which an appeal may be taken. *Noll v. Noll*, 286 S.W.2d 58, 64 [17] (Mo.App. 1956). We fail to find any appeal from the order of denial within the ten days authorized by subsection 512.050, RSMo 1978, and Rule 81.04. This contention is denied.

The next contention concerns the award of maintenance to Mrs. Nilges. The point relies on charges of an abuse of discretion on the part of the trial court in making an allowance of maintenance to the petitioner because she had sufficient property and income to meet her own reasonable needs; she was employed and had earnings on a part–time basis. The point further charged that the court disregarded the respondent's financial resources and ability to make the monthly payment to Mrs. Nilges. Appellant's brief is apparently first based upon a misconception that the court decree made an allowance of $250 per month as alimony for Mrs. Nilges. Actually the amount of the award contained in the decree entered June 15, 1979, from which this appeal was taken was $225 per month. We have examined the testimony in the transcript with regard to the resources of the parties, the income from their employment and other sources and the needs of the parties. In dissolution cases, the trial court is vested with a broad discretion in granting maintenance orders and an appellate court should not interfere unless an abuse of discretion appears. *In re the Marriage of Galloway*, 547 S.W.2d 193, 195 [2] (Mo.App. 1977). We find that there has been no abuse of discretion in the award of $225 per month alimony to Mrs. Nilges.

Finally, appellant contends that the trial court erred by refusing to hear and determine a motion to modify and a motion to amend or vacate the findings and judgment of the court. These motions were filed long before the final judgment of June 15, 1979, from which the appeal in this case was taken. They were directed toward the action of the court in its aborted judgment of April 28, 1975. They became moot with the entry of the new judgment on June 15, 1979. Any motion to amend would have to be directed to this final judgment. Section 452.370, RSMo 1978. After entering a decree of dissolution a court retains only a limited jurisdiction to subsequently modify the decree. *In re the Marriage of E. A. W. v. C. M. W.*, 573 S.W.2d 689, 691 [3] (Mo. App.1978). Such motions must be directed to the final decree. Section 452.370.1, *supra*, directs a court not to modify a prior decree respecting maintenance unless there is a showing of changed circumstances that are substantial in nature and are continuing to make the terms of the decree unreasonable. Thus the jurisdiction of the court to modify after a final decree operates only on changed circumstances. A motion to modify adjudicates new rights based upon new evidence and results in a new judgment from which a party aggrieved may appeal. It is an independent action requiring notice to the party to be adversely affected. *Burchett v. Burchett*, 572 S.W.2d 494, 497 [1] (Mo.App.1978). None of the prerequisites exist here.

The judgment is affirmed as modified in accordance with the directions in this opinion.

STEWART and SNYDER, JJ., concur.