Byron N. ALLEN, Petitioner-Respondent,

v.

Honore H. ALLEN,
Respondent-Appellant.

No. 44302.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 10, 1982.

Theodore S. Schechter, Clayton, for respondent-appellant.

Frank Susman, Roselee Adlin, St. Louis, for petitioner-respondent.

SNYDER, Judge.

Appellant-wife challenges the division of property part of her dissolution judgment. She charges the trial court erred in declaring certain corporate stock to be the husband's separate property. Appellant also asserts the distribution of marital property was against the weight of the evidence. The judgment is affirmed.

The parties married in 1952 and separated in 1978. Respondent-husband commenced this action in 1980. During the course of the marriage, respondent received, in four separate transactions, a total of 1,900 shares of common stock and 100 shares of preferred stock in Allen Foods, Inc., a family owned closely held corporation. Respondent held the position of vice-president in the company.

The primary issue is the status of the corporate shares. Are they marital property, as the wife claimed, or are they separate property of the husband, as the trial court ruled? The trial court's ruling was correct.

All the stock was in respondent's name alone. Respondent testified that his father had given him part of the stock and that the company had given him the rest. Respondent said he paid no consideration for any of the stock. Respondent also testified that the stock was not part of his compensation for employment with Allen Foods. Appellant testified that respondent had told her he made some payments to the company for the stock, without specifying amounts or dates.

■ All property acquired during coverture is presumptively marital property. § 452.330.3. The presumption is rebutted if it is shown by substantial evidence that the property was acquired by gift to one of the spouses. § 452.330.2; *Boyers v. Boyers,* 565 S.W.2d 658, 660[7–9] (Mo. App. 1978).

■ Respondent's testimony was substantial evidence that he acquired all the Allen Foods stock by gift.[1] Under the standard of review *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976) this court must affirm the trial court's finding.

■ Appellant argues, though, that respondent must present clear and convincing evidence in order to rebut the statutory presumption, and that respondent failed to meet this higher burden. Appellant bases her argument on *Nilges v. Nilges,* 610 S.W.2d 58, 60–61[6–7] (Mo. App. 1980). The property in *Nilges,* however, was held by the parties in joint names. The placing of once separate property into joint names, unless there is clear and convincing evidence to the contrary, is deemed a settlement of a gift by the owning spouse upon the other spouse and transforms the property into marital property. *Smith v. Smith,* 561 S.W.2d 714, 717[2] (Mo. App. 1978); *Conrad v. Bowers,* 533 S.W.2d 614, 621[10, 11] (Mo. App. 1975). Respondent in this case held the stock in his own name alone. No presumption of a gift arises. The clear and convincing standard stated in *Nilges* therefore has no application here. The point is ruled against appellant.

1. Appellant claims respondent's evidence was not substantial because the evidence consisted of mere conclusory statements. *In re Marriage of Brethauer,* 566 S.W.2d 462, 465[2] (Mo. banc 1978). Appellant's testimony, however, was more than a conclusory statement. Respondent testified that the stock was transferred to him, that he paid nothing for the transfer, and that the stock was not part of his compensation for employment. This evidence is more than a conclusory statement. It is substantial evidence of a gratuitous transfer, a gift.

Appellant also claims the distribution of marital property was unfair and against the weight of the evidence. After a thorough review of the record this court finds no basis under the standard of *Murphy v. Carron, supra,* to reverse the division of marital property.

The judgment is affirmed.

REINHARD, P.J., and CRIST, J., concur.