666 S.W.2d 910 (1984)
F.W.H., Petitioner-Respondent,
v.
R.J.H., Respondent-Appellant.
No. 46701.
Missouri Court of Appeals, Eastern District, Division One.
February 7, 1984.
Rehearing Denied March 8, 1984.
*911 R.J.H., pro se.
James E. Wollrab, St. Louis, for petitioner-respondent.
STEWART, Judge.
This is an action for dissolution of marriage. For convenience we will refer to the parties as husband and wife. Wife's appeal is concerned primarily with issues of the determination of the nature and the distribution of property, and the modification of a consent award for maintenance pending disposition of the action for dissolution.
Wife is a school teacher who was on leave of absence for the purpose of obtaining a degree in another profession. Husband is self-employed. They were married on July 11, 1981. They were separated on February 2, 1982. The final decree of divorce was entered February 10, 1983.
Our review is in accordance with Jaeger v. Jaeger, 547 S.W.2d 207, 208 (Mo.App. 1977). The parties purchased a residence on August 6, 1980, prior to their marriage. Title to the property was taken in the husband's *912 name and in wife's maiden name as single persons. They started repair work on the house that was never completed. Upon the marriage of the parties they moved into the house. The husband made the payments upon the note that was signed by both parties. A rug and a door was purchased by wife for the house.
The course of the marriage was not one of tranquility. There were numerous separations in this brief marriage. After the petition for dissolution was filed each of the parties filed adult abuse petitions against the other. Wife also filed an action to partition the residence and an action in waste against husband. Husband filed a counterclaim to the action to partition.
After the trial of the case, the court on September 21, 1982, entered a decree of dissolution and set apart to the parties certain separate property and divided the marital property. Reference to specific property will be made in discussing the issues. The court also ordered husband to pay $1000 of wife's attorney fees and certain medical costs of wife. It made no disposition of the house because it was the subject of a partition action.
The trial court on December 22, 1982, amended its decree upon motion and denied wife's motion for new trial. Wife voluntarily dismissed her action in partition on January 3, 1983.
On February 7, 1983, the court held a hearing confined to the issue of the status and the disposition of the real property. On February 10, it issued its final decree adding disposition of the house to the amended decree. It found the real estate to be marital property having a value of $62,000 subject to a deed of trust to secure a note having a balance due of $59,312.31. The court awarded the real property to husband and ordered him to pay the note and to hold wife harmless. He made an award of $1000 to wife as her share of the real property.
Wife contends that the court erred in finding that the house was marital property and disposing of it in a proceeding for dissolution. She argues that the house which was acquired prior to their marriage should be excluded from the court's jurisdiction; that the court had only the power to set aside the house as separate property to the tenants in common.
In an action for dissolution of marriage the trial court is required to "set apart to each spouse his property and ... divide the marital property in such portion as the court deems just considering all relevant factors ..." § 452.330.1 RSMo (Supp. 1982). One of the primary purposes of the Dissolution of Marriage Act is the complete determination of the rights of the parties with respect to all property brought into the marriage and all property acquired during the marriage. Anspach v. Anspach, 557 S.W.2d 3 (Mo.App.1977). The trial court in an action for dissolution of marriage acquires jurisdiction of the property of the spouses for the purposes of determining whether the property is separate or marital property and to set it aside or divide it in accordance with the statute. § 452.330 RSMo (Supp.1982).
There was sufficient substantial evidence in this case from which the trial court could find that the parties intended the house to be marital property. There was testimony that the property was purchased in contemplation of marriage and was intended to be used as the marital home. Jaeger v. Jaeger, 547 S.W.2d at 211.
Having found that the house was marital property the court was required to make an equitable division of the property. This the court did in accordance with the evident purpose of the statute by terminating, without recourse to further litigation, all unity of possession as well as unity of title between the spouses. Corder v. Corder, 546 S.W.2d 798, 804-805 (Mo.App.1977).
Wife attacks only the finding that the property was marital property. She does not complain that the division made by the court was inequitable.
*913 Wife next contends that the court erred in awarding a set of stereo speakers and a desk to husband because they were her separate property. The testimony with respect to these items was conflicting. Wife made the original purchase and husband testified that he paid her for the speakers. The trial court found these items to be marital property and awarded them to husband. Other items found to be marital property were awarded to wife. The factual determinations were for the trial court. There was sufficient evidence to warrant the trial court's conclusion. Jaeger v. Jaeger, 547 S.W.2d at 211. There was no abuse of discretion in the division of this property.
We next consider wife's contention that the court erred in suspending, upon its own motion, payment of $300 per month to wife pending final dissolution of marriage as agreed by the parties and as ordered by the trial court.
The adult abuse proceedings were dismissed. On the date they were dismissed the parties entered into an agreement which provides in part as follows:
"By consent Petitioner [husband] agrees to pay to Respondent [wife] $300.00 per month, payment to begin this date.
Petitioner agrees to maintain existing health & medical insurance on Respondent & provide coverage until final dissolution."
The agreement contains other provisions respecting items of personal property.
The agreement was approved by the division of the court then presiding over the proceeding for dissolution. The notation of the court upon the agreement was "So Ordered" followed by the signature of the court.
The cause was subsequently transferred to another division of the court. On May 14, 1982, some fifty-three days after the order with respect to the agreement, husband filed a motion to modify said order. On May 25, 1982, the motion was denied without prejudice and reset for June 2, 1982. On the later date the court entered the following order:
"By order of the court on its own motion cause set for trial at 1 p.m. on 12 July 1982; order for $300 per month maintenance suspended until trial date, to be reinstated if warranted."
The agreement of the parties entered into on March 12, 1982, and made an order by the court was decretal. § 452.325 RSMo 1978. In Re Marriage of Haggard, 585 S.W.2d 480 (Mo. banc 1979). An agreement for maintenance pending the litigation that is decretal is a final appealable judgment. Noll v. Noll, 286 S.W.2d 58 (Mo.App.1956). This decree comes within the provision of § 452.370 providing for modification of "any decree respecting maintenance ..." and is thus subject to modification. To warrant modification a motion must be filed and there must be a showing of changed circumstances so substantial and continuing as to make the terms of the order unreasonable. Id. at 63; § 452.370 (Supp.1982).
In this case the trial court lost jurisdiction of the independent proceeding for maintenance pendente lite thirty days after entry of the order made in accordance with the agreement. Noll v. Noll, 286 S.W.2d at 63. The trial court was empowered to entertain a motion to modify and to modify the decree upon proof of substantial change in circumstances. § 452.370 RSMo (Supp.1982). The court here modified the decree upon its own motion. The record before us is devoid of evidence of a substantial change in circumstances of the parties. The trial court lacked jurisdiction to modify the decree upon its own motion. Noll v. Noll, 286 S.W.2d at 64. The cause is remanded to the trial court to reinstate the judgment for maintenance pendente lite which wife may recover to the date of entry of the final decree on February 10, 1983.
*914 We have reviewed other issues raised by wife but find that they have no merit and require no extended discussion.
Husband's motion for damages against wife for filing a frivolous appeal is denied. The opinion has the effect of ruling all other pending motions without discussion.
The cause is remanded to the trial court for entry of judgment as to maintenance pendente lite. In all other respects the judgment of the trial court is affirmed.
KELLY, P.J., and SNYDER, J., concur.