Janet STEIN, Respondent,

v.

Edward S. STEIN, Appellant.

No. 55983.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

Thomas J. Frawley, St. Louis, for appellant.

Chester A. Love, Daniel P. Card, II, St. Louis, for respondent.

CRIST, Judge.

Consolidated appeal. Husband appeals a November 3, 1988 judgment of child support on a pendente lite motion in a dissolution case. He also appeals a February 27, 1989 dismissal of his subsequent pendente lite motion to terminate temporary child support. We affirm the November 3, 1988 pendente lite judgment. We reverse and remand the February 27, 1989 judgment of dismissal.

Initially we note wife has motioned to supplement the legal file on appeal. This motion is denied because we cannot determine from the record whether the documents she seeks to supplement were before the trial court. *Horobec v. Mueller,* 628 S.W.2d 942, 943–944[1] (Mo.App.1982).

The parties were married on August 21, 1983. Wife filed her petition for dissolution on July 21, 1988. The pendente lite hearing was on October 27, 1988, and on November 3, 1988, the trial court entered its judgment granting temporary child support to a child in their custody by reason of a pending adoption.

The parties during the marriage had no natural children. At the time of the filing of the petition for dissolution of marriage, husband and wife were parties to a Petition

for Adoption of a child herein referred to as "Anna."

Anna was born in Korea on April 3, 1987. She entered the United States as the prospective adoptive daughter of both husband and wife. She was only permitted to enter this country after husband executed an "Affidavit of Support" and a "Statement of Adoption" in which he affirmatively stated he was "willing and able to receive, maintain and support [Anna]." Anna lived with both husband and wife until the parties separated on May 15, 1988. The adoption proceedings had not been finalized at the time of the pendente lite hearing.

Husband argues the trial court erred in ordering him to pay child support for Anna who was not finally adopted and in failing to terminate husband's support payments for Anna after husband had been permitted to withdraw from the adoption proceedings.

■■■ Our scope of review is limited to whether the order appealed from is supported by substantial evidence and is not against the weight of the evidence. *In re the Marriage of Newman*, 601 S.W.2d 632, 633 [1, 2] (Mo.App.1980). Further, the trial court has broad discretion in making temporary orders and the burden of demonstrating abuse of discretion is on the complaining party. *Id.; Breitman v. Breitman*, 632 S.W.2d 494, 495 (Mo.App.1982).

Section 452.315.1, RSMo 1986, authorizes a party to a proceeding of dissolution of marriage to file a motion for temporary maintenance and for temporary support for "children entitled to support." Husband argues Anna is not a child entitled to support under § 452.315.1; thus, the trial court lacked jurisdiction to order husband to pay support. He argues Anna is not a child entitled to support because she is not the natural child of husband and wife; and although she was in the custody of husband and wife, she is not the adoptive child of husband and wife because the adoption proceedings had not been finalized at the time of the pendente lite hearing. Further, husband argues he was allowed to withdraw as petitioner to the adoption proceeding on November 10, 1988, which terminated any parental responsibility.

■■■ Husband's termination as petitioner to the adoption proceeding was not before the trial court at the pendente lite hearing. At the time of the pendente lite hearing on October 27, 1988, husband was still a party to the adoption proceeding. Husband signed an "Affidavit of Support" and a "Statement of Adoption" stating he would maintain and support Anna. Anna lived with and was in the custody and care of husband and wife. Husband stood in *in loco parentis* to Anna. *See State v. Smith*, 485 S.W.2d 461, 467 [7–11] (Mo. App.1972); *State v. Healey*, 562 S.W.2d 118, 129[14] (Mo.App.1978) (a person *in loco parentis* is one who actually assumes a parental relation without the formalities of a legal adoption).

Under these circumstances, there was substantial evidence for the trial court to order husband to pay child support to preserve the status quo pending the dissolution of marriage hearing. *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 683 [4, 5] (Mo. App.1982) (temporary awards are intended to maintain the status quo pending final judgment). This point is denied.

■■■ Husband appeals separately the dismissal of his January 23, 1989 motion to terminate temporary child support. In his motion he alleged facts which occurred after the trial court entered the pendente lite judgment. He alleged: (1) he was permitted to withdraw from the adoption proceedings; and (2) the adoption was granted to wife only. Based on these facts he argues that any obligation of child support terminated when the adoption was granted to wife because the adoption severed any *loco parentis* relationship between himself and the child. The trial court dismissed the motion for the stated reason it lost jurisdiction of the pendente lite proceeding once the pendente lite order was appealed.

We have recognized subsequent motions to modify support orders as independent causes of action which result in final judgments from which individual appeals may be taken. *Dardick v. Dardick*, 661 S.W.2d 538 (Mo.App.1983); *Nilges v. Nilges*, 610 S.W.2d 58 (Mo.App.1981); and *Noll v. Noll*,

286 S.W.2d 58 (Mo.App.1956). In *Dardick* three separate pendente lite awards were on appeal. The court decided the merits of the appeals. It could not decide the merits unless the trial court had jurisdiction to entertain and decide subsequent pendente lite motions based upon new facts which occurred after a prior award. Movant in a subsequent motion is entitled to relief only on the basis of an allegation and proof of a change in circumstances. *Noll* held wife was not entitled to a second pendente lite for failure to allege any new circumstances. However, the court recognized a motion for alimony pendente lite is a separate and distinct cause of action from the underlying divorce and that motions to modify orders of alimony pendente lite, based upon new facts are also independent causes of action, distinct from the original pendente lite. *Noll*, 286 S.W.2d at 64–65.

The allegations in husband's motion to terminate child support state a claim for relief based upon changed circumstances. He alleges he was allowed to withdraw as a petitioner in the adoption proceeding and that his wife subsequently adopted the child. These allegations may be proved or disproved by taking judicial notice of the file in the adoption proceeding. The dissolution court has jurisdiction to determine whether husband's liability for child support terminated at the time of the adoption.

The November 3, 1988 pendente lite judgment is affirmed. The judgment of dismissal of husband's motion to terminate child support payments is reversed and remanded to the trial court.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.