Richard L. BUTLER, Appellant,

v.

Mary Kay BUTLER, Respondent.

No. 47740.

Missouri Court of Appeals,
Eastern District.

June 26, 1984.

Stanley J. Goodkin, Clayton, for appellant.

Charles M.M. Shepherd, Clayton, for respondent.

REINHARD, Judge.

Husband appeals from an order temporarily modifying a dissolution decree. In June, 1976, the parties' marriage was dissolved. In this decree, husband was ordered to pay maintenance and child support for the three children of the marriage. This decree was modified in 1981, increasing both the maintenance and child support award. In November, 1982, wife filed a new motion to modify the child support and maintenance provisions as authorized by statute. The changed circumstances alleged in the motion to modify were the increased expenses for one of the children

1. Historically during dissolution proceedings, maintenance and child support *pendente lite* have been allowed. Section 452.315(5), RSMo. 1978, specifically authorizes the trial court to order temporary maintenance and child support pending dissolution of the marriage. These temporary orders are independent judgments, which result in an appealable order. *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 682 (Mo.App.1982)."

In contrast to § 452.315(5), RSMo. 1978, there is no statutory provision for temporary maintenance and child support pending modification of the dissolution decree. § 452.370, RSMo. Supp.1983. Nor can we find any cases supporting the trial court's action. However, as this temporary order is not appealable, we need not rule on husband's complaints."

who was born with severe birth defects, increased expenses in all household expenses due to inflation, and husband's fraudulent failure to disclose assets in reaching the prior modification agreement.

Hearings were begun on this motion in May, 1983 and continued until July 26, 1983. Wife changed counsel between the May and scheduled July 26 hearing. On July 26, 1983, husband's counsel went to the courthouse expecting negotiations with wife's new attorney rather than a trial. When wife arrived at the courthouse she informed her attorney that she was entering the hospital that afternoon for surgery to remove a cancerous breast. Wife's counsel immediately prepared an application for "temporary order of modification" increasing the amount for support and maintenance to cover additional child care expenses and anticipated medical expenses arising from the operation.

The court sustained wife's motion for an immediate hearing over strenuous objections from the husband's attorney that he had received no notice of hearing and had no time to prepare. Wife testified that she had only become aware of the necessity of surgery the day before. She had made arrangements with a family friend to care for her children during her hospitalization and recovery period for a fee of $3.00 an hour. She further testified that she was going to incur medical expenses beyond her insurance coverage and she lacked the necessary funds to cover the expenses. After hearing the wife's testimony, the court ordered husband to pay "an additional $504.00 a week for child care and custodial expense pending her surgical treatment on her breast and recovery therefrom." The temporary order was to continue pending further order of the court.

Husband appeals from this temporary order of modification contending, *inter alia*, that he had not been given timely notice of the hearing and the court lacked jurisdiction to enter the order.[1] In response to husband's appeal, wife has filed a motion to dismiss contending that this order is not appealable. We agree.

This interlocutory action is not appealable. *See Raines v. Raines*, 590 S.W.2d 117, 118 (Mo.App.1979).

Appeal dismissed.

KAROHL, P.J., and CRANDALL, J., concur.

1. Historically during dissolution proceedings, maintenance and child support *pendente lite* have been allowed. Section 452.315(5), RSMo. 1978, specifically authorizes the trial court to order temporary maintenance and child support pending dissolution of the marriage. These temporary orders are independent judgments, which result in an appealable order. *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 682 (Mo.App.1982). In contrast to § 452.315(5), RSMo. 1978, there is no statutory provision for temporary maintenance and child support pending modification of the dissolution decree. § 452.370, RSMo. Supp.1983. Nor can we find any cases supporting the trial court's action. However, as this temporary order is not appealable, we need not rule on husband's complaints.