**Richard L. BUTLER,
Petitioner-Appellant,**

v.

**Mary Kay BUTLER, Respondent.**

No. 49448.

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 3, 1985.

Rehearing Denied Oct. 3, 1985.

Stanley J. Goodkin, St. Louis, for petitioner-appellant.

Charles M.M. Shepherd, Clayton, for respondent.

KAROHL, Judge.

Former husband appeals from "supplemental order for temporary maintenance, temporary child support and suit money on appeal with bond and wage assignment." The trial court issued the order in November 1984, and made the provisions of the order retroactive to March 29, 1984, the date former husband appealed an order modifying the parties' dissolution decree; entered February 21, 1984. The supplemental order here appealed increased former wife's maintenance from $550 per month to $1150 per month and maintained child support of $550 per month per child for three children. The decisive issue is whether the trial court had authority to enter supplemental orders of maintenance and child support pending an appeal of an order modifying a dissolution decree. Pro-visions of the supplemental order relating to suit money on appeal are not part of this appeal.

The history of the marriage, dissolution and postdissolution proceedings of appellant husband and respondent wife may be found in three previous appeals. We decided husband's appeal from the dissolution decree in *Butler v. Butler*, 562 S.W.2d 685 (Mo.App.1977). We there affirmed an award of $250 per month maintenance and $375 per month total child support for three children. In 1981, the court modified the decree and raised the maintenance to $350 per month and the total child support to $750 per month. A second motion to modify filed by wife resulted in a July 1983 preliminary or temporary order of modification increasing maintenance and child support pending a second modification. In *Butler v. Butler*, 672 S.W.2d 742, 743 (Mo. App.1984) we dismissed husband's appeal and found the temporary order of modification interlocutory (if valid) and not appealable. The second modification was decided in the trial court on February 21, 1984 and awarded former wife $550 per month maintenance and $550 per month per child child support for a total of $2200 per month. In the appeal of the second modification we were called upon by former husband to again consider the temporary order of modification entered on July 26, 1983 and found that former husband had received inadequate notice of the hearing with the result that that order was vacated. *Butler v. Butler*, 698 S.W.2d 545 (Mo.App.E.D. 1985).

Pending the appeal of the modification of February 21, 1984, wife filed a "Motion for Temporary Maintenance, Temporary Child Support, Suit Money and Attorney's Fees Pending Appeal." On October 25, 1984, in support of the new motion for temporary relief pending appeal, former wife filed income and expense, and financial statements. She appeared and testified. Her new financial statements showed, by reason of a decrease in expenses that her

financial situation improved quite substantially since the hearing which resulted in the February 21, 1984 modification order. On November 19, 1984, the trial court entered the supplemental order for temporary maintenance, temporary child support, suit money on appeal, and ordered a bond and wage assignment to support the collection of these sums. This temporary order increased the husband's child support and maintenance obligations from $2200 to $2800 per month.[1]

Husband contends: (1) the trial court lacked jurisdiction to enter a supplemental temporary maintenance and child support order pending his appeal of the modification; (2) no substantial evidence existed to support the order; and (3) the order to post bond to secure performance of his obligations is void. We agree with husband's first and second contentions; therefore the order to post bond to secure the ordered sums paid is vacated.

■ Dissolution, legal separation, and modification are purely statutory proceedings. § 452.415 RSMo 1978; *Kuester v. Kuester,* 633 S.W.2d 281, 284 (Mo.App. 1982). Motions for temporary maintenance and temporary child support, pre-dissolution decree, are provided for in § 452.315(5) RSMo 1978. This section authorizes motions for temporary maintenance and temporary child support in only three kinds of proceedings: (1) dissolution of marriage; (2) legal separation; and (3) disposition of property, maintenance, or support following the dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse. There is, however, no statutory provision for temporary maintenance and child support pending modifi-

cation of a dissolution decree. § 452.370 RSMo Cum.Supp.1984; *See Butler v. Butler,* 672 S.W.2d 742, 743 (Mo.App.1984). In the same manner, there is no statutory authority for supplemental temporary maintenance pending appeal of a motion to modify, which is what the trial court attempted to order in this cause. Wife has not presented to this court nor can we through independent research find any cases or authority supporting the trial court's action in the instant case.

Wife argues the trial court maintained or continued jurisdiction with reference to the February 21, 1984 modification order or had inherent equity powers to order temporary maintenance and temporary child support pending the appeal of the modification order. We find no merit in either argument.

■ Although temporary awards of maintenance and child support are available pending final judgment of dissolution or legal separation, § 452.315 RSMo 1978, the extension of such awards pending final disposition on appeal of a motion to modify would create chaos. "Temporary awards are just that—temporary—intended to maintain the status quo pending final judgment." *Tzinberg v. Tzinberg,* 631 S.W.2d 681, 683 (Mo.App.1982). Such awards are necessary to provide survival funds for a dependent spouse and children pending a dissolution decree. They generally result from a "mini-hearing" that does not require the court to undertake a hearing of dissolution matters unrelated to custody and direct support. During modification proceedings the original decree of dissolution remains viable until there is a finding that evidence demonstrates "changed cir-

---

**1.** Respondent wife claims there was no increase because the February order required former husband to pay health insurance premiums and medical bills direct and the November 19, 1984 order requires former wife to pay Blue Cross and Blue Shield premiums for herself and the children. No mention, however, is made of medical, drug and dental expenses for the children.

It is not clear how the judgments entered on February 21, 1984 and the judgment of November 19, 1984 here appealed relate, what rights former wife would have, and what obligations former husband would owe if both orders were affirmed in all respects.

cumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1 RSMo Cum.Supp.1984. A temporary order of maintenance and child support pending a final disposition of a motion to modify, if authorized, could become an unending procedure which would contradict the legislative intent and requirement of showing changed circumstances which make the original terms of the decree (or prior modification) unreasonable. If daily emergencies are to form the basis of a modification or supplemental modification, then the provisions of § 452.370 RSMo Cum.Supp.1984 should be revised by the legislature. In the present case, no showing of any change in circumstances between February 1984, and November 1984, adverse to former wife or children was made. On the contrary, the trial court recognized that former wife's financial records disclosed an improvement.

In her second argument wife relies on *Klenk v. Klenk*, 282 S.W. 153 (Mo.App. 1926) and *State ex rel. Stone v. Ferriss*, 369 S.W.2d 244 (Mo. banc 1963) for the proposition that the trial judge has inherent equitable power, supplementing the dissolution statute, to provide for the support of a dependent spouse and children. These cases predate the dissolution statute and are inapposite because they involved predivorce decree awards. These cases offer no help in a post-dissolution proceeding where the custody of children, maintenance and child support have been determined and remain covered by the provisions of the original dissolution decree or modifications of the decree.

As the suit money ordered in the November 19, 1984 order has not been questioned on appeal it is affirmed. The supplemental orders of November 19, 1984 raising maintenance from $550 per month to $1150 per month; reordering husband to pay $550 per month per child for three children; and

2. The appeal from the modification order of February 21, 1984 was filed on March 29, 1984. The motion for temporary orders pending appeal did not request a retroactive award. *See*

ordering these money judgments to be retroactive to March 29, 1984 are reversed.[2]

CRIST, P.J., and PUDLOWSKI, J., concur.

*Matthes v. Matthes,* 464 S.W.2d 754, 756 (Mo. App.1971) on this point. *Matthes* was decided before the dissolution law.