**Paul William MATTHES, Plaintiff-Respondent,**

v.

**Barbara Lee MATTHES, Defendant-Appellant.**

**No. 33870.**

St. Louis Court of Appeals, Missouri.

Jan. 26, 1971.

Motion for Rehearing or for Transfer to Supreme Court Denied Feb. 17, 1971.

Application to Transfer Denied April 12, 1971.

Joseph Langworthy, Pacific, for defendant-appellant.

Mills & Lange, Gary H. Lange, St. Louis, for plaintiff-respondent.

SMITH, Commissioner.

This matter reaches us on appeal from the action of the trial court in refusing to allow the wife in a divorce suit alimony pendente lite retroactively to the date of filing of the suit some fifteen months prior to the hearing on the motion for alimony pendente lite. The trial court based its ruling primarily upon a lack of jurisdiction to make such an award. Also involved is the refusal of the trial court to allow the wife attorney's fees paid by her to her first attorney.

We review all the evidence and reach our own conclusion as to the judgment which should have been rendered, having in mind that the judgment shall not be set aside unless clearly erroneous. Supreme Court Rule 73.01. The authority of a trial court to award alimony pendente

lite is found in Section 452.070 RSMo 1969, V.A.M.S. and Supreme Court Rule 88.03 which in pertinent part read: " * * * the court may decree alimony pending the suit for divorce in all cases where the same would be just * * *." Despite the profusion of divorce cases and alimony pendente lite cases decided by the appellate courts of this state we have neither been cited to, nor found, any case which squarely rules the question of a court's power to award support money to a wife effective at some date prior to the hearing or the court's order. It is clear that attorney's fees and court costs may be awarded for work and expense done prior to the award and that the courts of this state have categorized those items as a part of "alimony pendente lite." Knebel v. Knebel, Mo. App., 189 S.W.2d 464 [1]. The statute and rule do not specifically treat the subject, requiring only that the award must be made while the cause is pending and that the award be made only when just. We are unable to see any good reason why a court in the exercise of its sound discretion, where factual circumstances warrant, should not be permitted to make a support award pending the divorce, effective as of the time the wife files her motion for such support. The obligation to support exists while the marriage is in being, and the purpose of an award pending the divorce is to provide the wife the means to sustain herself during the remainder of the marriage and to allow her to properly litigate the marital status. There is no reason why this right of necessary support should depend upon the condition of a court docket or the success of her husband in delaying a hearing. To so hold would place a premium on deliberate refusal of a husband to provide necessary support and allow economic coercion detrimental to the wife's defense. Even relatively brief delays between filing of motion and hearing could have serious consequences on a wife with no means.

■ Two Missouri cases would seem to support the jurisdiction of a trial court to award alimony pendente lite retroactively although neither case discusses that question specifically. In both, however, awards which included retroactive alimony were affirmed. See Libbe v. Libbe, 166 Mo. App. 240, 148 S.W. 460; Schulze v. Schulze, 212 Mo.App. 75, 251 S.W. 117. Authority for such an award is also found in Hanson v. Hanson, 177 Pa.Super. 384, 110 A.2d 750; and Heller v. Heller, N. Dak., 81 N.W.2d 124. We hold the court has the jurisdiction and authority to make such an award, within its sound discretion.

The case now before us is not one where the factual circumstances warrant the award effective as of the date of the filing of the motion. Suit for divorce was filed by husband on November 20, 1967. Wife filed her answer and motion for temporary alimony, child support, suit money and attorney's fees on December 1, 1967. That motion was set for hearing on January 9, 1968, continued by memorandum signed by both counsel; reset; and on January 17, " * * * continued, and to be re-set upon application" by memorandum signed by wife's then attorney. Various continuances of the trial on the merits occurred; an order of limited temporary custody of the children by the wife was entered; the wife filed a cross-bill. Throughout all of this no effort was made to set for hearing wife's motion for temporary alimony. Not until October 11, 1968, after wife had changed counsel, was the motion set, then for November 25. Then followed more continuances caused at least in part by three amendments to the motion for alimony pendente lite. On February 19, 1969, wife filed her "second amended motion for temporary alimony" which for the first time requested that the allowance be "for the period this cause has pended." Hearing on this motion occurred on February 24, 1969, and on the same day the judgment appealed from was entered, ordering plaintiff to pay defendant $25.00 per week as and for temporary alimony.

■ In determining whether an award should relate back, a court must of necessi-

ty consider the diligence and effort which the wife has exercised in having an immediate hearing and determination of her motion. Justice to the husband requires that he be made aware that alimony from the date of the motion will be sought and that judicial determination of such award is not being delayed by the inaction, inattention or inadvertence of the wife or her counsel. We do not find here either notice to the husband that such an award would be sought until a week before hearing, nor the requisite diligence and effort by the wife to obtain a judicial determination of the husband's obligations. From January 17, 1968 until October 11, 1968, nearly nine months, no attempt was made to take up the motion, despite the fact the parties were in court and an order was entered relating to custody of the children. Nor are we satisfied that wife showed a necessity for any retroactive award. She was employed throughout the period, her husband lived in the family house with the three children as well as two of his own from a previous marriage, for all of whom he provided; he made the mortgage payments on the house, and was paying certain obligations which appear to have been incurred prior to the separation. We find it unnecessary to recount the evidence of the financial circumstances of the parties. Suffice it to say, they fail to establish any injustice in denying a retroactive award. No evidence, for instance, was adduced that wife had gone into debt in order to provide herself with necessities.

 The trial court's refusal to order plaintiff to pay the defendant the amount of the attorney's fees she had paid her first attorney ($400)[1] was well within the bounds of the court's discretion. The fee was paid from the proceeds of a small personal injury settlement received by defendant. The funds were available to her and no evidence was adduced which would require a court to conclude that the wife did not have sufficient means to pay her initial attorney. There was no reason for requiring plaintiff to finance that portion of her litigation. Lester v. Lester, Mo.App., 452 S.W.2d 269.

The judgment is affirmed.

**PER CURIAM.**

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.

---

1. The court did allow $400 on account to the wife for her second attorney's services as well as $100 suit money.