In re MARRIAGE OF Laverne A. ROBINSON and Eugene J. Robinson.

Laverne A. Robinson,
Petitioner-Respondent,

and

Eugene J. Robinson,
Respondent-Appellant.

No. KCD 29271.

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Shaw, Howlett & Schwartz, Clayton, for respondent-appellant.

Warren S. Stafford, Taylor, Stafford & Gannaway, Springfield, for petitioner-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Laverne Robinson filed a petition seeking a dissolution of her marriage with Eugene Robinson. The court ordered the marriage dissolved and divided the marital property, except for an insurance policy, according to an agreement as testified to by Laverne. Eugene appeals and contends the court failed to follow the agreement and failed to distribute the insurance policy to him. Affirmed as modified.

After the petition for dissolution was filed, the court made a pre-trial order by which each party was required to file with the court a schedule itemizing all marital property belonging to the parties together with the current fair market value of such property. Laverne filed such schedule but Eugene did not. Thereafter both parties with their attorneys appeared in court. Laverne testified in detail as to the agreement the parties had reached for the division of the marital property listed on her schedule. This agreement covered each item of property except for a National Service Life Insurance Policy in the face amount of $5,000, with Eugene Robinson as the owner and insured and Laverne as the beneficiary. This item contained the notation "Term Policy" and gave no estimated value.

Eugene was sworn and examined by his counsel and by the court. He stated he had heard the agreement as testified to by Laverne and in response to a question from the court, stated that if the court granted a dissolution of the marriage it was his request that the agreement as testified to by Laverne be approved.

On this appeal Eugene contends the judgment as entered by the court did not follow the agreement testified to. The supposed discrepancy relates to a contract which the agreement provided Eugene and Laverne would enter into as the owners of 90% of the stock in a corporation with their son Daniel for him to act as general manager of the corporation. A comparison between the agreement as testified to and as contained in the judgment shows the two are the same.

Eugene next contends the agreement did not provide the details to be embodied in a buy and sell agreement which he and Laverne agreed to enter into concerning their stock in the corporation. Their agreement as testified to by Laverne did not embody the terms of such agreement, yet Eugene agreed that the testimony of Laverne embodied their whole agreement.

By this contention Eugene is seeking to rewrite the agreement in this court and he assumes a different position here than he took in the trial court. This, of course, he cannot do. *Corning Truck & Radiator Serv. v. J.W.M., Inc.*, 542 S.W.2d 520, 527[12, 13] (Mo.App.1976).

Eugene finally contends the court erred in not setting off to him the National Service Life Insurance Policy. The judgment as entered by the court made no disposition of this policy. Laverne's exhibit in which she listed this policy gave no cash value for it. This would coincide with the general rule that "a true term contract would have no loan or cash value, or, in fact, any value except in the event of the death of the insured prior to the expiration of the contract." Appleman, Insurance Law and Practice, § 3 (1941).

Although the life insurance contract does not have any value, it should be made clear that such contract does belong to Eugene. The judgment is modified by including the following provision:

> "The National Service Life Insurance Policy in the face amount of $5,000, with Eugene J. Robinson as the owner and insured, and Laverne A. Robinson as beneficiary, is hereby set apart and awarded to Eugene J. Robinson as his sole and separate property."

The judgment as modified is affirmed.

All concur.