In re the MARRIAGE of Patricia Ann NEWMAN and Joseph D. Newman.

Patricia Ann Newman,
Petitioner-Respondent,

and

Joseph D. Newman,
Respondent-Appellant.

No. 11459.

Missouri Court of Appeals,
Southern District,
Division One.

June 10, 1980.

Motion for Rehearing and for Transfer Denied June 27, 1980.

The order providing for temporary visitation and allowances is affirmed.

All concur.

H. Lynn Henry, Henry, Henry & Henry, West Plains, for petitioner-respondent.

Kenneth A. Wagoner, Moore & Brill, West Plains, for respondent-appellant.

PREWITT, Judge:

Husband appeals from an order of the trial court granting to the wife temporary awards of maintenance, child support and attorneys fees and granting husband visitation privileges with the children of the parties. The order was designated "as a final judgment for purposes of appeal". Appellant claims that the allowances for temporary maintenance, child support, and attorneys fees are excessive based on his ability to pay the awards. He also complains of only being allowed to visit the children, ages two and three, in the home of the maternal grandparents, where his wife now lives.

Our examination of the record convinces us that no error of law appears and that the order appealed from is supported by substantial evidence and is not against the weight of the evidence. The trial court has broad discretion in making such temporary orders and the burden of demonstrating an abuse of such discretion is upon the complaining party. *In re Marriage of Deatherage*, 595 S.W.2d 36, 40 (Mo. App.1980). Under our limited scope of review, stated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we cannot say that this discretion was abused.

Having determined that the order should be affirmed and that an opinion would have no precedential value, an expeditious disposal of this appeal is desirable so that this cause may proceed toward a final determination. We think the use of a memorandum opinion as provided in Rule 84.16(b), V.A.M.R., is appropriate and we affirm in compliance with that rule.

Appellant's Motion to Strike Appellant's Reply Brief, which was taken with the case, is overruled.