**In re MARRIAGE OF Wanda BIANCARDI, Appellant/Petitioner,**

**and**

**Donald H. Biancardi, Respondent.**

**No. 41973.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Margaret Nolan, Gail N. Gaus, St. Louis, for appellant/petitioner.

Arthur Friedman, Newton G. McCoy, Friedman, Weitzman & Friedman, P.C., St. Louis, for respondent.

CLEMENS, Senior Judge.

The trial court denied plaintiff-wife's motion to modify the dissolution decree entered two years before. By her motion plaintiff sought to re-open the case, contending there had not been a final judgment; this, because the court had failed to completely distribute what she contended was marital property.

The alleged marital property omitted was the husband's rights under his employee pension plan and also his rights under term life insurance policies.

We note parenthetically that in the underlying dissolution case the pension fund and insurance policies now in issue were fully disclosed by pre-trial discovery and by evidence. Without objection they were omitted from the parties' settlement dividing their marital property and not mentioned in the ensuing decree of dissolution.

We do not agree with the wife's contention that the effect of this omission was to deprive the decree of finality. This, because husband's interest in both the pension fund and insurance policies, as hereinafter described, were so contingent that neither constituted marital property.

As to the pension fund: It was a non-contributory benefit plan, payable only on retirement at age 65; defendant is 48. If he were to leave his employment, or die, before reaching retirement age nothing would be payable. The pension was not a marital asset, as held in *Robbins vs. Robbins*, 463 S.W.2d 876 [2] (Mo.1971) where the court held: "We consider, and hold, that a valuation of defendant's rights as the present value of his possible future pension benefits would be purely speculative, and that the Court was correct in holding that such a value was not a present asset of the defendant."

Similarly, in *Marriage of Faulkner*, 582 S.W.2d 292 [9] (Mo.App.1979), we held retirement benefits payable only on actual retirement are too speculative to be considered as marital property. So it is here.

As to defendant's life insurance: Each of three policies was term insurance, with neither loan nor cash value. Such policies have no value "except in the event of the death of the insured prior to the expiration of the contract". *Marriage of Robinson*, 570 S.W.2d 320 [3] (Mo.App.1978). Having no present value the policies were not marital property.

We hold that the underlying decree was a final judgment not subject to modification on the grounds alleged by the wife.

Affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.