John A. FLACH, Petitioner,

v.

Margaret M. FLACH, Respondent.

No. 43399.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 2, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 17, 1982.

Application to Transfer Denied
Feb. 23, 1983.

William James O'Herin, Guilfoil, Symington, Petzall & Shoemake, St. Louis, for petitioner.

Carolyn J. Biermann, Clayton, for respondent.

SIMON, Judge.

Margaret M. Flach (wife) appeals from a judgment by the Circuit Court of St. Louis County granting a decree of legal separation to John A. Flach (husband), dividing the marital property and awarding the wife $650 per month maintenance, $3500 attorney's fees and costs. Following the perfection of the appeal, the trial court awarded the wife attorney fees in the amount of $2000 for the pending appeal. The husband appealed from that order. The appeals were consolidated. We affirm as modified herein.

On appeal, the wife contends that the trial court failed to render a final judgment, because it failed: (1) to distribute the husband's group term insurance policy, the mortgage on the family home and other debts; (2) to place a value on the family home and husband's pension plan; (3) to sever the tenancy in common in the marital home; and (4) to vacate its order and make a new award of maintenance after receiving new evidence, and evaluating and redistributing all the marital property.

On appeal, the husband contends that the trial court erred: (1) in awarding a total of $5000 as attorney fees for the trial proceedings; and (2) in awarding $2000 as attorney fees pending the appeal.

Since the allegations of error do not attack the sufficiency of the evidence but the finality of the judgment, we shall state only those facts as they relate to the points raised.

■ In her appeal, the wife initially contends that the judgment is not final because the trial court did not distribute a term insurance policy and marital debts. Term insurance policies do not constitute marital property since they have no present value. *In re Marriage of Biancardi,* 611 S.W.2d 250, 251 (Mo.App.1980). However, to finally resolve the matter, we hereby modify the judgment by awarding the term insurance policy to husband as his sole and separate property. *In re Marriage of Robinson,* 570 S.W.2d 320, 322 (Mo.App.1978).

■ Pursuant to § 452.330 RSMo (1978), the debts of the parties do not constitute marital property, and the trial court's failure to distribute them does not prevent the finality of the judgment. *NJW v. WEW,* 584 S.W.2d 148, 151 (Mo.App.1979). However, in order to finally resolve the parties' difficulties and to avoid future litigation, the better procedure would be to distribute

the debts. We shall address the mortgage later in this opinion. The wife's first point is not well taken.

■ The wife next contends that the judgment is not final because the trial court failed to evaluate the family home and the pension plan so that our Court could determine whether or not the trial court abused its discretion. Section 452.330 RSMo (1978) provides that a court "... set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors." Section 452.330.1(2) RSMo (1978). Thus, a trial court must consider values in making property distribution, but is not required to specifically enumerate the values, unless requested to do so by a party. *McLaughlin v. McLaughlin,* 585 S.W.2d 567, 569 (Mo.App.1979).

The trial court declared the family home and the husband's pension plan to be marital property and awarded the family home to the husband and wife. The wife was also awarded the right to reside in the home. The trial court awarded the pension plan to the husband.

The record indicates that the family home is valued at $56,000, subject to a mortgage in the amount of $11,000. As to the pension plan, the parties stipulated:

(1) Husband was not entitled to a lump sum payment at anytime upon retirement;

(2) Husband can not receive any monthly payment until he reaches 55 years of age on May 8, 1981;

(3) If husband terminated on March 13, 1980, the date of trial, he was entitled to $457 per month commencing at age 65 or $220 per month commencing at age 55;

(4) The monthly payment will increase with continued employment.

Additionally, the parties stipulated that if the husband were discharged he would receive a lump sum payment of 58 times his current weekly salary.

■ Although the decree does not set forth the specific value of the home and pension plan, the record contains sufficient evidence for the trial court to have considered in its distribution of the marital property. We assume that the pension plan stipulations and other relevant data were taken into consideration by the trial court, although not expressly stated in its findings. *Nilges v. Nilges,* 610 S.W.2d 58, 60 (Mo.App.1980). The husband's pension plan at the time of trial was "vested" and "non-matured", falling into the "Stage II" time frame. *Kuchta v. Kuchta,* 636 S.W.2d 663, 665 (Mo. banc 1982). If a "Stage II" pension plan must be distributed because the marital estate lacks other sufficient assets, the trial court should be given broad discretion in effectuating a distribution which will protect the interests and rights of the parties. *Id.* at 666.

Our examination of the trial court's findings as substantiated by the record does not indicate an abuse of discretion. Thus, the wife's second point is without merit.

For her third point, the wife contends that the trial court erred in not severing the tenancy in common in the family home, as it must unless there exists a sound reason for not doing so. If the record supports the trial court's actions, neither the failure to terminate the tenancy in common nor the failure to state the reasons for continuing it prevents the finality of the judgment. *Murray v. Murray,* 614 S.W.2d 554, 555–56 (Mo.App.1981).

However, the trial court's findings as to the family home leaves open the following questions: (1) when does the wife's right to reside there terminate; (2) who is to pay the mortgage, taxes, insurance, special assessments, etc. and make the necessary repairs; and (3) does the party making the payments and the repairs receive any credit in the division of the sale proceeds. The husband argues that the wife will make the payments in exchange for residing there and that the silence in the trial court's findings as to the mortgage payment is irrelevant since in the event the mortgage payment is not made, the home will be sold by the wife's conscious decision to terminate her right to reside there. We disagree.

■ The family home is a major marital asset, and its disposition is relevant. If the mortgage payments are not made, the mortgage will be foreclosed; hence, it is obvious that the sale proceeds will be drastically reduced. We see no need, however, to remand this case to the trial court for resolution of these questions. We have the record before us and can dispose of the matter here. That part of the decree relative to the family home is amended to read as follows:

> The court finds the family home, 634 Hollywood Place, more specifically described as Lot 13 of Block 6 of Webster Hills, Webster Groves, Missouri 63119, to be marital property and grants the respondent the right to reside there for so long as she shall live.
>
> Petitioner shall before December 31 of each year hereafter reimburse respondent for one-half of the payments on the present mortgage, real estate taxes, special real estate assessments, and necessary permanent improvements on the family residence. Respondent shall keep the home reasonably repaired so that the premises will be in approximately the same condition when it is sold, reasonable wear and tear excepted. At the option of respondent, or upon termination of respondent's right to reside in the home, the property is to be sold, at which time the petitioner and respondent will each receive fifty percent of the net amount realized after payment of the mortgage, outstanding liens, and off-setting any amount due by petitioner and/or respondent as herein provided, and the cost of sale. Neither party shall create nor permit additional liens to be placed upon the property except as mutually agreed upon.
>
> In the event the parties cannot agree upon a sale price, the Court will then upon application of either party, appoint a commissioner for the purpose of selling the property and after payment of the present mortgage, outstanding liens, and off-setting any amounts due by petitioner and/or respondent as herein provided and the costs of sale, the net proceeds will be divided equally between the parties.

Our review of the record supports the trial court's action in maintaining the tenancy in common. *Murray* at 555.

The wife, in her final point, contends that the trial court erred in failing to vacate its order, take new evidence, and evaluate and redistribute the marital property and then make a new order for maintenance. Since we have found no abuse of discretion as to the trial court's findings, it is unnecessary to consider this contention.

Considering the husband's appeal, he contends that the trial court abused its discretion by exceeding the scope of § 452.355 RSMo (1978), which provides: "The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost of the other party of maintaining or defending any proceeding under §§ 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to commencement of the proceeding or after entry of judgment."

The husband argues that a portion of the services for which the attorney fees were awarded pertain to a dismissed dissolution proceeding unrelated to the present cause of action and wife's present separate maintenance action consolidated here and is outside the scope of § 452.355 RSMo (1978).

■ As to the husband's dissolution action, the wife in answering prayed for separate maintenance or, in the alternative, for a legal separation. An action for legal separation pursuant to § 452.305 RSMo (1978) is clearly within the scope of § 452.355 RSMo (1978); additionally, § 452.355 RSMo (1978) allows an award of attorney fees for maintaining or defending relevant actions. Thus, the wife's defense of the husband's dissolution is also clearly within the scope of § 452.355 RSMo (1978).

■ In his brief, the husband sets forth a breakdown of the wife's attorney's fees as follows:

| | |
|---|---|
| Dismissed Dissolution Proceeding | $ 787.50 |
| Separate Maintenance Action | $ 767.00 |
| Non Allocable Fees | $4451.00 |
| Total Fees | $6005.50 |
| Award Made to Wife | ($5000.00) |
| Non-Awarded Fees | $1005.50 |

Since the wife's present action is for separate maintenance or legal separation, and the services rendered can reasonably be assumed necessary for either action, the trial court had the discretion to award fees for such services. However, the section does not permit an award of fees for the dismissed dissolution proceeding for it is a distinct and independent action. Accordingly, since the unawarded fees totaled $1005.50, we can logically assume that it includes the portion allocable to the dismissed action.

 A trial court is an expert in the reasonableness of attorney's fees, and its judgment as to an award of such fees shall only be modified upon a finding of an abuse of its discretion. *Raines v. Raines,* 583 S.W.2d 564, 568 (Mo.App.1979). We have discovered no such abuse. Additionally, a trial court is not limited to earned fees but can award fees to be incurred. *Cascio v. Cascio,* 485 S.W.2d 857, 860 (Mo.App.1972).

 Petitioner also claims that the trial court erred in awarding respondent $2000 as attorney's fees on appeal for it failed to consider the financial resources of the parties and prevented the admission of relevant testimony as to previous awards.

We feel the trial court had sufficient evidence before it to support the amounts awarded. We find no abuse here.

Affirmed as modified.

DOWD, P.J., and GEORGE F. GUNN, Jr., Special Judge, concur.