**Louise A. MITCHELL,
Petitioner-Respondent,**

**v.**

**William Ernest MITCHELL,
Respondent-Appellant.**

**Nos. 49169, 49134.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 3, 1986.

Rollings & Gerhardt, P.C., G. Jeffrey Lockett, St. Charles, for petitioner-respondent.

Darrill S. Beebe, St. Charles, for respondent-appellant.

SIMON, Judge.

This is a consolidation of appeals from a decree of dissolution entered July 24, 1984 in the Circuit Court of St. Charles County, Missouri in a court tried case. Appellant, Louise A. Mitchell (wife), alleges that the trial court erred in: (1) failing to consider and include certain assets when dividing the marital property; (2) adopting the master's report where no record nor transcript was made or submitted to the court pursuant to Rule 68.01(g); (3) adopting the master's report where the evidence clearly showed it to be an incomplete disposition of the assets; (4) refusing to independently consider evidence introduced at the master's hearing and the hearing on wife's objections to the master's report where Rule 73.01(a)(2) and § 510.310 RSMo 1978 require a judgment to be made on all the evidence; (5) refusing to include findings and conclusions in the opinion and decree as requested by wife pursuant to Rule 73.-01(a)(2); (6) failing to award wife full amount of attorney's fees.

Appellant William Ernest Mitchell (husband), in his appeal claims the trial court erred in: (1) declaring real estate in St. Charles to be marital property where such was against the weight of the evidence and an erroneous application of law; (2) valuing the "Nettie" property at $65,000 where such was unsupported by the evidence, and (3) awarding wife partial attorney's fees and costs where the financial resources of the parties were relatively equal, wife had adequate resources to pay her own fees, and there was no demonstration that husband had the ability to pay the fees awarded to wife. Both parties request that the case be remanded for a new trial.

A brief rendition of background facts and procedural history of the case shall be set forth. Additional facts will be provided as necessary to dispose of the individual points on appeal. Husband and wife were married in St. Charles County, Missouri on January 23, 1960. The couple had two children born during their marriage. Throughout most of the marriage, husband was self employed as a car dealer and as a landlord of rental properties. Wife assisted in those businesses for some time prior to 1975 at which time she assumed her present position as a full time employee at St. Charles County library. On August 6, 1982, wife filed a petition for dissolution of

marriage in the Circuit Court of St. Charles County, Missouri following periods of living separate and apart. A special judge was appointed for the case and the hearing was held on May 26 and 27, 1983. Counsel filed suggested findings of fact and conclusions of law on June 3, 1983. An interlocutory decree with findings of fact as to the parties' separate and marital property and an order of reference appointing a master were entered July 18, 1983. The special master was appointed to determine the existence of certain alleged marital assets not identified in the court's findings, and the amount and disposition of all rental income from the marital real estate identified by the court. On May 4, 1984 the master's report was filed with the trial court which indicated that he found no evidence of the existence of marital assets not already identified by the court in its findings and that there was insufficient information to determine the amounts and disposition of all rental income. The trial court adopted the master's report and entered a decree of dissolution, which it subsequently set aside upon wife's request to file objections to the master's report. These were filed May 18, 1984, and the trial court, after a careful review, found the objections similar, if not identical to those presented to the court at the time of the dissolution hearing, and that no new material of consequence was presented to the master. The objections were denied and a final decree was entered June 11, 1984. On June 13, 1984 wife sought a writ of mandamus to force a hearing on objections to the master's report. The trial court set aside the June 11 decree, making the writ moot, and a hearing was held on July 11, 1984. The final decree was re-entered July 24, 1984. Both parties filed post trial motions for a new trial which were denied. It is from these proceedings that the appeals are taken. We first consider husband's contentions on appeal.

In his appeal, husband alleges the trial court erred in declaring the real estate at # 122 Lindenwood, St. Charles, Missouri ("Lindenwood") to be marital property as such decision was against the weight of the evidence, and erroneously declared and applied the law where husband acquired the property prior to the marriage and did not cause wife's name to be placed on the title. In addition, husband contends that there was no evidence that wife made any financial contribution to the property and that except for $9500.00 to pay off indebtedness during the course of the marriage, no marital funds were used to purchase the property. In response, wife contends the property was marital where husband contributed it to the estate and that since husband does not challenge the division of marital property nor the disposition of the Lindenwood property any alleged error in the designation of the property is harmless error.

■ Our review is limited to whether the trial court's decision is supported by substantial evidence, is against the weight of the evidence, erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In review, we note that the source of funds doctrine as stated in *Hoffman v. Hoffman*, 676 S.W.2d 817, 824–825 (Mo. banc 1984) is applied retroactively and thus governs this case. *Sumners v. Sumners*, 701 S.W.2d 720 (Mo. banc 1985). Under the source of funds rule the character of the property is determined by the source of funds financing the purchase, and is considered to be acquired as it is paid for so that a portion of the property's ultimate value will be marital. *Hoffman*, 676 S.W.2d at 824.

■ Husband testified that he purchased the Lindenwood property several months prior to his marriage to wife for approximately $11,000. He stated that he took a note on the property for approximately $9500. He also stated the house was paid off during the marriage and admitted that approximately $9500 in marital funds was used to pay off the indebtedness. Applying the source of funds rule, husband and the marital estate are each entitled to a share in the property proportionate to their respective investments. *Id.* at 825, citing *Hall v. Hall*, 462 A.2d 1179, 1182 (Me. 1983). According to the marital estate's

and husband's respective investments, the Lindenwood property is approximately 86.36% marital property and approximately 13.64% separate property of the husband. The record reveals only that the trial court designated the property to be marital property. In support of wife's contribution theory, there is evidence that the property was used as the family home for 17 years and thereafter as income producing property of which the rentals became marital property. We cannot say that the trial court did not consider these as factors in designating the property to be marital where the reasons for the court's determination are not set forth. In any event, we fail to find any prejudice. The trial court awarded the Lindenwood property to husband. Neither party alleges, nor do we find, any inequity in the distribution. Point one is without merit.

In point two, husband alleges that the trial court erred in declaring the value of the Nettie Drive property to be $65,000 where only $35,786.30 of marital funds were contributed toward the purchase price prior to seller's declaration of a default in payment of the purchase price. At the outset, husband concedes that the Nettie property is marital property but disputes the trial court's valuation of its worth which he contends is, at best, $35,786.30. This figure reflects the amount of marital funds used toward the purchase prior to the date on which the sellers of the property declared a default. Husband also argues that the court could not designate and award the property to anyone in absence of two parties, the sellers (Hughes) and the subsequent purchaser (Mr. Broyles). He further claims that even if the subsequent purchaser was found to be a straw party used in an attempt to unjustly deprive the marital estate of property, he and wife held only an executory interest in the property as the sellers were not obligated to convey good title until the final installment was paid. Wife for her part alleges that since the husband is not contesting the designation or distribution of property but only valuation, the contention is pointless since husband was awarded the property. She further argues that the court had jurisdiction to award the property where seller retained no interest and buyer was found to be a straw party.

The testimony given by the sellers, Ester Huse and Clem Huse indicates that they entered a contract of deed to sell the Nettie property to the Mitchells. Under the terms of that contract the warranty deed would not be delivered until the final installment payment was made by the Mitchells. The contract further provided for notice to the parties in event of default. Ester Huse testified that she first learned of the Mitchells' default in a letter written by Mr. Mitchell on March 22, 1983, although she later learned the Mitchells had not made any installment payments for over a year. Ester Huse testified that Mr. Mitchell was attempting to get a friend to pay the loan off for him. She further testified that on March 23, 1983 she and her husband received cashier's checks from Mr. Mitchell which exceeded the balance due under the contract and that she wrote him a check for the amount over what was owed them. She and her husband then signed the warranty deed and conveyed title of the Nettie property. She testified that she and her husband had not read the deed prior to signing it and did not know that they had conveyed title to a third person, Mr. Broyles, until sometime after they signed.

Only one expert testified as to value of the Nettie property. He valued it at $65,000. Husband offered no expert testimony as to its value, but did give his own estimate of its worth based upon the amount of the purchase price.

■ The trial court heard the testimony, considered the evidence and found that the Nettie property was marital and placed its value at $65,000. The court awarded the property to husband. These findings are supported by substantial evidence in the record. Point two is without merit.

In point three husband alleges that the trial court erred in awarding wife $25,000 for legal fees and ordering husband to pay the master's costs where the parties' finan-

cial resources are relatively equal, wife had resources to pay her own fees, and wife failed to present any evidence of husband's ability to pay those fees. Wife alleges that the $25,000 was not excessive, but rather deficient, in light of evidence of the number of court appearances she had to make to get protective orders because of husband's conduct, husband's ability to pay based upon compared earnings histories and a valuation of the property he was awarded, wife's attorney's evidence as to time and work records.

A trial court is an expert in the reasonableness of attorney's fees and its judgment shall only be disturbed upon finding an abuse of its discretion. *Flach v. Flach,* 645 S.W.2d 718, 722 (Mo.App.1982). Before granting an award of attorney's fees the trial court must consider all the relevant factors and is not limited to financial resources of the parties. § 452.355 RSMo 1978; *Kieffer v. Kieffer,* 590 S.W.2d 915, 918 (Mo. banc 1979). The ability of a party to pay is but one factor to be considered.

■ The record reveals that evidence was presented as to each parties' financial resources and expenses. Evidence was also presented as to the time and work records of wife's attorney. Though the award appears high considering the hearing on the dissolution was completed after two days of testimony, in the light of the record on appeal, reflecting an extensive number of exhibits, court hearings, master's hearings, motions, writ application and other proceedings, we cannot say that the sum is excessive or that the trial court abused its discretion. Point III is denied.

We now consider wife's points on appeal. In her first point, wife contends that the trial court erred in failing to consider the existence of certain alleged marital assets and to include these in the marital estate for purposes of distribution. Wife alleges that the trial court received substantial evidence of the existence of assets belonging to the marital estate but failed to consider these when distributing marital property. Thus she concludes that the trial court failed to properly divide the marital proper-

ty pursuant to § 452.330 RSMo 1978. Wife also filed a motion on appeal to submit affidavits and exhibits tending to show the existence of marital assets not disposed of in the July 24, 1984 decree. She contends that this information was not discovered until after the final decree. The motion was taken with the case and is hereby denied.

■ We again note that the designation of property as separate or marital, for distribution purposes, is governed by retroactive application of the source of funds rule. *Sumners,* 701 S.W.2d 720. Under that rule the character of property is determined by the source of funds used for the purchase. *Hoffman,* 676 S.W.2d at 824. We have carefully reviewed the record considering each of wife's subpoints. The record reveals the trial court heard the testimony and was presented with a considerable amount of evidence bearing upon the existence and extent of marital assets in the initial dissolution proceeding and the hearing on wife's objections to the master's report. In addition, the court was aided by the report of the master. We find no abuse of discretion or erroneous declaration or application of the law in the court designation and distribution of assets and find substantial evidentiary support for the award in the record. An extended discussion of each individual subpoint would have no precedential value. Point One is without merit.

In point two, wife alleges that the trial court erred in adopting the master's report because the report did not comply with Rule 68.01(g) where no record or transcript of the hearings before the master was made and submitted to the court. Wife contends that failure of the master to submit any record of the hearings deprives the trial court of a meaningful review of the evidence presented therein and allows the master to usurp the judicial function.

Rule 68.01(g)(1) provides as follows:

(g) *Report*

(1) Contents and Filing. The master shall prepare a report upon the matters

submitted to him by the order of reference and if required to make findings of fact and conclusions of law shall set them forth in the report. He shall file the report with the clerk of the court together with a transcript of the proceedings including the evidence and exhibits, if any. The clerk shall forthwith mail to all parties notice of the filing and a copy of the master's report.

On May 26, 1983 the trial court entered its Interlocutory Decree and Reference to the Master and by its order of reference appointed a master pursuant to Rule 68.01 for:

the purpose of determining the existence and disposition of marital assets not otherwise identified by the Court in its findings, including funds obtained by either party from the sale of marital property during the marriage, and funds reflected by certificates of deposit, treasury notes or other financial transactions of the parties. It is further ordered that said Master determine the amount and disposition of all rental income received by either party from marital real estate identified by the Court in its findings or to be determined by said Master. ...

It is further ordered that said Master shall hear and examine the matters herein set forth and make a just, impartial and true report pursuant to Supreme Court Rule 68.01(g).

After reviewing the record of the dissolution proceedings and holding hearings, as directed by the court in the order of reference, the Master filed his report on May 4, 1984 and in it stated that:

Pursuant to my appointment, I have conducted two hearings in St. Charles with attorneys for the parties present and making presentations, have reviewed all of the record in the case, and have had considerable correspondence with the attorneys for both parties. My report to you is as follows:

1. I find no evidence of the existence of marital assets not already identified by the court in its findings.

2. I have been unable to determine the amount and disposition of rental income received by the parties from the marital real estate. At the hearing in St. Charles on March 19, 1984, I requested that the parties supply me with information which would enable me to determine the amount and disposition of the rental income. On March 22, 1984, Darrill S. Beebe, attorney for Mr. Mitchell, submitted to me a packet of information concerning the rental income; but the information submitted did not include any information relative to 1984 income. On April 10, 1984, I received a 3-page letter from G. Jeffrey Lockett, the attorney for Mrs. Mitchell, challenging a major portion of the information submitted to me by Mr. Beebe. The nature of the information submitted by Mr. Beebe is such as to make its verification difficult without the employment of resources which are totally beyond the ability of the Master to marshal. My attempt to analyze the information given me by Mr. Beebe, which comes to approximately 131 pages, has been hampered by the insistence of Mr. Beebe that the matter be ruled on immediately, a demand which has been coupled with improper and groundless allegations against the trial court. Taking all of these factors into consideration, I have no choice but to recommend to the court the use of the rental information given in evidence extrapolated to cover the period of time since the trial.

Pursuant to Rule 68.01(g)(1), the master prepared a report on the matters submitted to him. He did not however prepare a transcript of the hearing before him. In the order of reference, the trial court did not specifically order that a transcript be provided, but did require a true, accurate record pursuant to Rule 68.01(g). The record does not reflect a request by either party to have a record made or transcript prepared throughout the proceeding. Further, though it was apparent that the parties were aware that no reporter was present to transcribe the proceedings before the master and no other recording was

being made, this issue was not raised until wife filed her objections to the master's report and requested a hearing on the same, well after the master's hearings took place. The extensive record and transcript of the hearing on objections to the master's report indicate that the trial court was apprised of the significant portions of the master's hearings. In addition, the parties were allowed to present evidence, exhibits and testimony, a portion of which the master had not admitted, to the trial court in the objections hearing. While the proper course is to submit a transcript pursuant to Rule 68.01(g), in this case we do not find that the absence of a transcript denied either party a meaningful review or was so prejudicial to warrant reversal. Point II is denied.

In her third point, wife alleges that the trial court erred in adopting the report, findings and recommendations of the master concerning marital property distribution in that the findings and recommendations were not supported by the evidence. Wife argues that the evidence presented at the hearing on objections to the master's report confirmed that the evidence submitted during the master's hearing was sufficient to establish the existence of marital assets not disposed of by the trial court's interlocutory decree, even without the aid of the transcript of the master's hearing. Thus she contends that the findings and recommendations of the master were against the weight of the evidence presented to him and the trial court should not have adopted his report in the final decree.

Rule 68.01(g)(3) provides as follows:

(3) *Action on Report* and Use in Jury Trials. If no objections are filed, the court may adopt the report. *If objections are filed,* or the court proposes action other than adoption of the report, *the court, after hearing, may adopt the report or* may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions. If issues are to be tried by a jury, the master's findings on the issues submitted to him may be reported to the jury as having been determined and only fact issues other than those determined by the master shall be submitted to or determined by the jury. (emphasis added)

In this case the trial court heard the testimony and received evidence and exhibits not only in the original two day hearing, but also at the objections hearing before adopting the master's report. It is the duty of the trial court to adjudge witness credibility and weigh the evidence. After a hearing on the objections, the court, in its discretion adopted the report. Rule 68.-01(g)(3). Upon careful review of the record, we do not find the trial court's judgment to be against the weight of the evidence or an abuse of discretion. There is substantial evidence to support the award. Point III is without merit.

Wife next alleges that the trial court erred in failing and refusing to independently consider the evidence introduced at the hearing on wife's objections to the master's report. Wife contends that the trial court in non jury cases is required to render a judgment upon the law and all the evidence admitted before the court pursuant to Rule 73.01(a)(2) and § 510.310(2). She alleges that the trial court in this case refused to consider some properly admitted evidence in that the court refused to review and independently weigh the evidence presented at the master's hearing and the hearing on wife's objections thereto. Therefore, she concludes that the trial court based its judgment on less than all the admissible evidence presented.

█ The record reveals that the master reviewed the record of the dissolution proceedings, held hearings on the issues as directed by the trial court's order of reference, and presented his report to the court. Wife filed her objections to that report pursuant to Rule 68.01(g)(2) and requested a hearing on those objections. The trial court then conducted a hearing on the objections, testimony was heard, and evidence and exhibits presented. Following this hearing, the court adopted the master's report and adopted his findings in the final

decree. Rule 68.01(g)(3). Wife fails to cite us to any specific items of admissible evidence which the trial court excluded from consideration before issuing the decree. Rule 73.01(a)(2) states in pertinent part that "the court shall render such judgment that it thinks proper under the law and evidence." We find no indication in the record that the court failed in this duty. Wife's point is without merit.

In the next point, wife alleges the trial court erred in failing and refusing to include in its opinion and decree a finding on each of the principal controverted fact issues as requested by wife pursuant to Rule 73.01(a)(2). Wife contends that findings are required when a request is made before final submission of the case and that her request was made before the hearing on objections to the master's report. Thus she concludes that the case was not yet under final submission and her request was timely. Wife also contends that her request for findings on specific facts met the requirements of Rule 73.01(a)(2). She further contends that because of the complexity of issues and inconsistencies in facts, the trial court's refusal to issue findings, precludes any meaningful review by the appellate court and thus constitutes grounds for reversal.

Rule 73.01(a)(2) provides that:

(2) The court shall render such judgment that it thinks proper under the law and the evidence. If any party so requests before final submission of the case, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel. All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.

■■■■ The record indicates that wife made such a request and filed specific questions prior to the objections hearing. The trial judge denied the request on July 11, 1984 as out of time because the case had been submitted in May, 1983. "Submission is final" when the evidence and arguments are finished or waived and the court, as trier of facts, takes the case, whether for immediate decision or merely under advisement preliminary to rendition of judgment. *McNeill v. McNeill,* 456 S.W.2d 800, 808 (Mo.App.1970). The dissolution hearing was concluded on May 27, 1983 and the court took the case under submission that day. The parties ·submitted suggested findings of fact and conclusions of law on June 3, 1983. There were no requests made by either party at this time for specific findings and conclusions. An interlocutory decree with findings was entered July 18, 1983 and the order of reference made. Even if we were to consider the order of reference to the master as a reopening of the evidence, that proceeding was concluded and the cause submitted by May 4, 1984, following the filing of master's report. Thus we find that wife's request for findings on July 11, 1984 was properly denied as untimely.

Further, the record adequately disclosed the issues of fact and law that were before the trial court and we do not find the lack of findings and conclusions to materially affect the merits of the action or interfere with appellate review of the legal issues so as to constitute reversal. *See Jo B. Gardner, Inc. v. Beanland,* 611 S.W.2d 317, 321–2 (Mo.App.1980); *Witte v. Cook Tractor Co.,* 261 S.W.2d 651, 660 (Mo.App.1953). The point is without merit.

In her final point wife alleges that the trial court abused its discretion in failing to award petitioner the full amount of her attorney's fees since the evidence showed that husband is in a better economic position than she to pay those fees. Further, wife argues that the size of her attorney's fees and her reduced ability to pay such are a direct result of husband's extensive and continual misconduct and that the fees were reasonable and justified in light of the hours expended and work performed.

The trial court is an expert in the reasonableness of attorney's fees and its judgment shall only be disturbed upon finding an abuse of discretion. *Flach*, 645 S.W.2d at 722. It is apparent from the record that the trial court considered all relevant factors prior to awarding wife $25,000 in attorney's fees, § 452.355 RSMo 1978. There is no requirement that a party be awarded the entire amount of attorney's fees. *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo.App.1979). The test is whether the award is reasonable. *Cissell v. Cissell*, 573 S.W.2d 722, 725 (Mo.App.1978). Here, we do not find the court's award to wife to be arbitrary or unreasonable. No abuse of discretion has been shown and the point is denied.

Accordingly, the judgment is affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.