**Robin L. LAAKSO, Respondent,**

v.

**Michael B. VESSELY, Appellant.**

**No. WD 42106.**

Missouri Court of Appeals,
Western District.

Feb. 6, 1990.

Francis C. Cline, Harper & Cline, Columbia, for appellant.

William D. Rotts, Atkinson & Rotts, Columbia, for respondent.

Before ULRICH, P.J., and
SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Robin Laakso filed an action for the dissolution of her marriage with Michael Vessely. The court dissolved the marriage, awarded Robin $7,500 in attorney fees, and maintenance of $14,400 to be paid in three annual installments, beginning July 1, 1994. Michael appeals contending the award of attorney fees includes an amount expended by Robin for attorney fees in an Oregon dissolution action between the parties and that the maintenance award is excessive. Affirmed in part and reversed in part.

The marriage of the parties got off to a rocky start with the first separation occurring on the wedding night. Thereafter, the marriage went downhill. There was evidence of physical abuse of Robin by Michael and of an affair carried on by Michael with another woman.

Michael is a resident in orthopedic surgery at the University of Missouri and estimates that when he completes his training he will be earning between $80,000 and $100,000.

Michael had filed suit for dissolution in the State of Oregon and Robin testified that she had expended $8,500 in attorney fees to obtain a dismissal of that action. Subsequent to the dismissal Robin instituted this action in Boone County.

There was evidence that Robin has a shortfall of $364 per month between her income and expenses. There were no children born of the marriage.

Michael contends that there was evidence that Robin's attorney fees in this action were $2,500 and makes no complaint about that amount. He does complain about the balance of $5,000 in attorney fees and contends this was part of the fee which Robin incurred in Oregon. Robin does not dispute that the $5,000 is part of the Oregon fee but contends that she is entitled to recover that fee in this action.

Section 452.355, RSMo 1986, provides that the court may award a party a reasonable amount for attorney fees for a proceeding under §§ 452.300 to 452.415. Obviously the expenditure for attorney fees in

Oregon was not in a proceeding under §§ 452.300 to 452.415. Further, in *Flach v. Flach*, 645 S.W.2d 718, 722 (Mo.App.1982), the court held that § 452.355 does not permit an award of attorney fees for a dismissed dissolution proceeding because the dismissed action is a distinct and independent action. The Oregon action was distinct and independent from the Missouri action.

Section 452.355 does not permit the award of attorney fees in this state incurred in connection with a dissolution action in another state. The award of attorney fees is reversed as to that amount in excess of $2,500.

■ Michael complains about the award of maintenance to Robin to be paid after he completes his training. There was evidence that Robin had spent over $25,000 of her own money on the marriage and that she presently has living expenses of $364 in excess of her income. Robin met the statutory qualification for the award of maintenance and the court did not abuse its discretion in awarding maintenance to be paid after Michael completes his training.

The judgment for attorney fees in excess of $2,500 is reversed and that part of the judgment for attorney fees in the sum of $2,500 is affirmed. In all other respects the judgment is affirmed.

All concur.