**Martha Ann DEVRIES, Respondent,**

v.

**Darrell DEVRIES, Appellant.**

**No. WD 43215.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1991.

John W. Dennis, Jr., Independence, for appellant.

R. Brent Elliott, Chillicothe, for respondent.

Before TURNAGE, J., Presiding, and LOWENSTEIN and ULRICH, JJ.

LOWENSTEIN, Judge.

This appeal concerns the temporary allowance of support, maintenance and attorney fees in a dissolution of marriage action. The husband also appeals the trial court's order giving retroactive effect to the awards for support and maintenance.

The appellant and his wife separated in September 1988, after thirteen years of marriage. The husband filed for dissolution in Livingston County in November 1988. A hearing was held on April 3, 1989. The trial court entered an order pendente lite, awarding the wife temporary maintenance of $500 per month and child support of $750 per month ($250 per child). The trial court denied the wife's request for attorney fees. On August 28, 1989, the husband then dismissed his petition for dissolution. Because the husband voluntarily dismissed his petition for dissolution and because the wife had filed no counterclaims, the temporary orders were dissolved.

The next day, August 29, 1989, the wife filed the present action in Carroll County where she and the three children lived. Ironically, the wife found it extremely difficult to achieve service of process on her husband. He no longer lived in Carroll

County but had quit his job and moved to California to live with his father. In October, she unsuccessfully tried to serve him in California. The sheriff's return from the Lake County, California, stated the office was unable to serve the summons and petition "according to father does not live at this address, possibly in Sacramento or San Francisco ... was to be here in a week, on 9/29/89 the lights were on but no response. No forwarding available." In December 1989, the wife attempted to serve the appellant in Wright County, Missouri. The sheriff's return stated the defendant "refused to accept the summons," which was left on his residence door. The husband filed a motion to quash service. The wife eventually personally served her husband in Carroll County, Missouri on January 20, 1990. The husband filed for a change of judge and Judge Lewis who had heard the first hearing in Livingston County was back in the case.

After a hearing on February 28, 1990, at which the husband represented himself, the court entered an order pendente lite, awarding the wife $500 per month maintenance retroactive to the August 29th filing, $500 a month for each of the three children, also retroactive, as well as a $5000 temporary allowance for attorney fees. Additional facts will be provided in the discussion of the points relied on.

■ For his first point the husband contends the award of temporary maintenance was in error, even though in the same amount as the April order, because (1) at the time of the February 1990 hearing the wife was gainfully employed with an income sufficient to provide for her reasonable needs; (2) there was no substantial evidence that the husband was capable of paying maintenance to the wife; (3) evidence showed that the husband was unemployed from August 1989 until December 1989, making the order of retroactive maintenance an abuse of discretion; and (4) the current pendente lite award was the same amount as the pendente lite award from the dismissed dissolution proceeding even though at the time of the dismissed pro-

ceeding the wife had no income and the husband had a greater income.

An order making an allowance upon a motion pendente lite is a final judgment from which an appeal may be taken. *Dardick v. Dardick,* 661 S.W.2d 538, 540 (Mo. App.1983). On appeal the complaining party must show the trial court abused its discretion in making a temporary order. *Stein v. Stein,* 787 S.W.2d 787, 788 (Mo. App.1990); *In re Marriage of Deatherage,* 595 S.W.2d 36, 40 (Mo.App.1980). This court will affirm unless there is no substantial evidence to support the trial court's action unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The trial court obviously found the wife's evidence credible. On appeal the husband admits he "did not present much evidence" in his *pro se* defense in February 1990. Almost all the hearing was taken up by the wife's case. After necessary job retraining she returned to the work force after primarily caring for the children and family home throughout the marriage. She testified her monthly income as a hospital nurse in a neighboring community was $1,757.60 in gross. The monthly expenses for her and her four children amounted to $4,525.80. She exhausted a $10,000 personal savings account and had to rely on her parents for financial aid.

Prior to suit for dissolution, the family maintained a high standard of living. They lived in a home valued at $175,000, maintained a separate lake home, boat, and a plane. Furthermore, the husband and wife had a $1,350,000 debt-free interest in several newspapers. The husband worked for one of the papers which was owned by his father. The husband and wife were, prior to separation in the process of buying the papers from his father. The husband earned a net monthly income of $3800. After the husband dismissed the first dissolution action, he moved to California to take another newspaper job at a monthly salary of $2400. It is unclear from the record whether this figure was net or gross. He

voluntarily quit that job. From July 1989 through November 1989 he was unemployed and received unemployment compensation in California. In December 1989 he returned to Missouri to work for another of his father's newspapers, in a different part of the state at a gross salary of $2,000 per month. The husband provided no financial support since August 1989 except for a money order for $525 tendered in December 1989 which he claimed represented the total extent of his accrued child support obligation.

The record shows that the wife was hospitalized from depression from November 1988 through January 1989. During this time, the husband took his girlfriend on a Caribbean cruise. Furthermore, the girlfriend and her two children lived in the DeVries family home for a time. After the wife's release from the hospital, she and the children lived in her parents home. Furthermore, the husband spent a $80,000 to $90,000 sum, which represented a return of the husband and wife's down payment on the purchase of newspapers. This sum was returned by his father after the couple defaulted. He never told the wife about the return of the down payment. He admits that after the separation he "spent it ... you name it, I spent it on it." He stopped making payments on the family house in March 1989, and the deed of trust was later foreclosed. He gave his wife's sapphire necklace to a girlfriend. Furthermore, without telling the wife, he cashed in several joint tax refunds.

Under the scope of review, *Murphy v. Carron, supra,* no abuse occurred here in the temporary award of $500 a month maintenance. *In re Marriage of Newman,* 601 S.W.2d 632, 633 (Mo.App.1980). The husband appears to have voluntarily reduced his income, moved away, dismissed his petition, and made himself unavailable for process. He is in no position to complain of the award or that portion which commenced his responsibility back to the time the wife filed. *In re Marriage of Vanet,* 544 S.W.2d 236, 242 (Mo.App.1976); *Boyer v. Boyer,* 567 S.W.2d 749 (Mo.App. 1978). The trial court did not err in making the temporary awards retroactive. *See*

*e.g. Matthes v. Matthes,* 464 S.W.2d 754 (Mo.App.1971). In *Matthes,* the wife delayed in calling up for hearing her temporary motion, so she could not complain of the result denying retroactive effect. *Id.* at 757. The facts here are just the opposite. The point is now denied.

■ In his second point the husband states the guidelines for support under Rule 88.01 and Form 14 would call for $260 per month per child instead of $500. The children were ages twelve, eight and five as of the date of the hearing. He asserts in the first action he was making $3800 a month and only had to pay $250 per child, and now was only making $2,166 a month and had to pay $500 per child. On appeal, the husband claims the wife's testimony of family living expenses not credible. He also claims his failure to cross-examine her on this point should be excused because he did not have counsel at the hearing.

The husband has voluntarily put himself in a position of diminishing his income and having cashed in assets. Though the award here is harsh when compared with his actual present income, the trial court's discretion in this matter cannot be said to have been abused. Under these facts, the new guidelines under Rule 88.01 will not impinge on this temporary order of support. Of the factors relevant to this item as listed in § 452.340, only (b), the resources and needs of the father, bear in his favor. But he has chosen, without justifiable explanation, to diminish his income. During his absence he provided no support for his children, so the retroactive portion of the award should stand. The point is denied.

■ The final point relates to the award of $5000 attorney's fees pendente lite to the wife. Section 452.355, RSMo Cum. Supp.1989, allows amounts for legal services rendered prior to the commencement of the proceeding under the Dissolution of Marriage statutory enactments, §§ 452.300 to 452.415. The trial court may consider all relevant factors, including the financial resources of the parties and any may order a reasonable fee, which will not be over-

turned absent an abuse, *In re Marriage of Goostree*, 790 S.W.2d 266, 268–69 (Mo.App. 1990).

In the husband's earlier action, which he voluntarily dismissed, the wife's motion for temporary fees was denied. He contends in the current action the $5000 in attorneys fees in this allowance related to the prior action rather than this one. He asserts the law only allows a reasonable fee for the action at hand, "even though the other litigation was similar ..."

Unfortunately, the record on this point comprises only two pages of the wife's testimony. She stated her "fees to date" were $5000, beginning "clear back in November of 1988 ..." She also acknowledged there were a "number of hearings held in regard to this matter and the difficulty ... in ... getting this matter resolved."

Review is further hampered by there having been no request for findings in circuit court. It is incumbent on the party seeking attorneys fees to enable a trial court to make and an appellate court to review such an award. *Trapani v. Trapani*, 686 S.W.2d 877, 878–79 (Mo.App.1985).

Two Missouri cases hold legal services rendered in the prior action are not subject to charge by motion in this case. In *Flach v. Flach*, 645 S.W.2d 718, 721 (Mo.App. 1982), the husband argued a portion of the attorney's services pertained to a "dismissed dissolution proceeding unrelated to the present cause." The court held § 452.355, "does not permit an award of fees for the dismissed dissolution proceeding for it is a distinct and independent action." *Id.* at 722. *Compare Mince v. Mince*, 481 S.W.2d 610 (Mo.App.1972). The appeal in *Laakso v. Vessely*, 783 S.W.2d 522 (Mo.App.1990), was preceded by an Oregon action filed by the husband, which was dismissed. The wife then filed in Missouri, and contended that part of her legal services in the prior action was recoverable in the second. *Id.* Relying on *Flach, supra*, this court held the statute did not permit the allowance of attorney's fees for a prior dismissed proceeding was a "distinct and independent action." *Id.* at 523.

*Cf. Moseley v. Moseley*, 642 S.W.2d 953, 960 (Mo.App.1982). It is glaringly obvious from this record the expenditure of legal time for the wife, in this her action, has been increased by the husband's disappearance, avoidance of service, and delay.

On the record and unique facts here, and in light of *Flach*, and *Laakso*, the portion of the award relating to attorney fees must be reversed and remanded for a hearing on what portion of the fees are allocable to the wife's suit filed on August 29, 1989. As to that portion of the judgment relating to temporary support and maintenance the judgment is affirmed. Cost taxed 2/3 to the husband the remainder to the wife.