**Lisa Marie HOOVER, Respondent,**

v.

**John Lynn HOOVER, Appellant.**

**No. WD 49402.**

Missouri Court of Appeals, Western District.

Feb. 21, 1995.

Gary William Smith, Sedalia, for appellant.

John A. Parks, Hermitage, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

John Lynn Hoover appeals the portion of a dissolution of marriage decree ordering him to pay $5,000 in attorney fees for his former wife, Lisa Marie Hoover.

The judgment is modified in part, and is affirmed as modified.

The Hoovers were married in October 1989; they had two children, born in 1989 and 1992 respectively.

The Hoovers' dissolution proceedings were protracted. In November 1991, Mr. Hoover filed for dissolution of marriage. He voluntarily dismissed that proceeding in July 1992, several months after the birth of the couple's second child. Ms. Hoover then instituted dissolution proceedings in August 1992. The three-day trial commenced in early April and concluded in May 1993. During trial, Mr. Hoover applied to the court of appeals for a

writ of prohibition. The trial court entered a decree dissolving the marriage in June 1993 but ordered a new trial in September 1993.

While the dissolution proceeding was pending, Ms. Hoover moved to California taking the parties' younger child with her. In California, Ms. Hoover sought public assistance.

The Hoovers eventually settled, and executed a separation agreement. On March 24, 1994, the trial court heard evidence regarding that agreement and Ms. Hoover's motions for payment of attorney fees and costs. At that hearing, Ms. Hoover's counsel, John A. Parks, presented time records and testimony showing that his representation of Ms. Hoover had consumed 60 hours. Mr. Parks testified he had agreed to represent Ms. Hoover for $90 an hour, although his usual fee was $100 a hour. When the hearing concluded, the trial court entered a new decree dissolving the marriage and judgment ordering Mr. Hoover to pay $5,000 for Ms. Hoover's attorney fees.

■■■ On appeal, Mr. Hoover asserts that the trial court abused its discretion in awarding Ms. Hoover $5,000 in attorney fees because a portion of those fees related to matters separate from the dissolution action and over which the trial court lacked jurisdiction. Mr. Hoover submits that the following hourly charges related to matters separate and distinct from the dissolution action in which the trial court entered its decree:

| | |
|---|---|
| Dismissed Dissolution Proceeding | 14.67 Hours |
| Division of Family Services Hearing | 3.50 Hours |
| California Welfare Matter | 1.42 Hours |
| Mental Examination Motion | .50 Hours |
| TOTAL | 20.09 Hours |

According to Mr. Hoover, the time charged for Ms. Hoover's attorney fees for the above matters was improper because those matters were unrelated to the present dissolution of marriage proceeding.

Mr. Hoover is correct regarding the attorney fees allocated to the dismissed dissolution proceeding; he appropriately supports his argument with references to § 452.355.1, RSMo Supp.1993, and to *Flach v. Flach*, 645 S.W.2d 718 (Mo.App.1982). Under § 452.355.1, the trial court "may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment." *Flach* holds that § 452.355.1 does not permit attorney fees for a dismissed dissolution proceeding because it is a distinct and separate action. *Flach*, 645 S.W.2d at 722. That holding has been upheld and applied in *S.M.B. v. A.T.W.*, 810 S.W.2d 601, 607 (Mo.App.1991); *Devries v. Devries*, 804 S.W.2d 825, 828 (Mo.App.1991); and *Laakso v. Vessely*, 783 S.W.2d 522, 523 (Mo.App. 1990).

Consequently, the trial court erred in ordering Mr. Hoover to pay attorney fees for the 14.67 hours spent by Ms. Hoover's counsel in defending the dismissed dissolution proceeding. *Flach*, 645 S.W.2d at 722. Nevertheless, contrary to Mr. Hoover's argument, attorney fees for the DFS hearing, the California welfare matter, and the mental examination were within the allowable scope of § 452.355.1. Arising during the second dissolution proceeding, those matters concerned child custody and child support, matters that were related to that proceeding.

In the argument portion of his brief, Mr. Hoover raises two other claims of error not reflected in his point relied on. First, he disputes Ms. Hoover's attorney fees for 1.83 hours for time spent on a motion for continuance in the second dissolution proceeding. Next, he faults the trial court for failing to issue specific findings and conclusions on the assessment of attorney fees even though neither party requested findings and conclusions. Claims, such as these, not raised in the point relied on and advanced for the first time in the argument portion of an appellant's brief are not preserved for appellate review. *Vandiver v. Vandiver*, 765 S.W.2d 378, 381 (Mo.App.1989). Gratuitous review of the two claims discloses no plain error. Rule 84.13(c).

With regard to the error in ordering payment of the attorney fees for the dismissed dissolution proceeding, this court has authority under Rule 84.14 to enter the judgment that the trial court should have entered. *State v. A.J.*, 872 S.W.2d 594, 598 (Mo.App.

1994). Although Ms. Hoover's attorney fees totaled $5,400 [1], the trial court awarded only $5,000. The $400 in unawarded attorney fees can be allocated to the fees attributed to the dismissed dissolution proceeding. *Flach,* 645 S.W.2d at 722. This court modifies the judgment as to the amount of attorney fees only. Accordingly, John Lynn Hoover is ordered to pay to John A. Parks the sum of $4,079.70 [2] as attorney fees for Lisa Marie Hoover. The judgment is affirmed as modified. The parties shall bear their own costs on appeal.

All concur.